**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellant,**

**v.**

**Ernestine KWIATKOWSKI, Appellee.**

**No. 14–94–01144–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 1996.

Janet Giessel Townsley, Houston, for appellant.

E.W. Newman, Houston, for appellee.

Before MURPHY C.J., and ANDERSON and FOWLER, JJ.

## OPINION

ANDERSON, Justice.

National Union Fire Insurance Company (National) appeals from a jury verdict in favor of Ernestine Kwiatkowski (Kwiatkowski). The lawsuit arose from a workers' compensation claim. The Workers' Compensation Commission found that Kwiatkowski was temporarily disabled as a result of an on-the-job injury. Kwiatkowski sued National, the workers' compensation carrier of her employer, contending her injury caused permanent disability and that National breached its duty of good faith and fair dealing. Pursuant to National's motion, the trial court severed the two claims. This appeal is from the trial determining the extent of her disability. In three points of error, National contends: 1) cumulative error occurred during trial as a result of Kwiatkowski's counsel repeatedly violating an order in limine; 2) Kwiatkowski engaged in improper jury argument; and 3)

the trial court erred by not including an instruction on sole producing cause. We reverse and remand.

Kwiatkowski, an employee of Wal–Mart, slipped and fell on some wet steps at work, breaking her ankle and straining her shoulder. Shortly after the accident, she began experiencing debilitating back pain caused by a disc herniation. Although Kwiatkowski continued to suffer from the injury, she went back to work at Wal–Mart and performed light duties. Because of her condition, her doctor allowed her only to work part-time.

In its first and second points of error, National contends the case should be reversed because Kwiatkowski's trial counsel repeatedly mentioned and solicited testimony on matters highly prejudicial and irrelevant to the issues in the lawsuit. In particular, National complains of several instances during the presentation of evidence and closing argument when Kwiatkowski's counsel brought up National's manner of handling the case and Kwiatkowski's financial status. Prior to opening statements, the trial court granted National's motion in limine requesting, among other things, that Kwiatkowski or her counsel not suggest to the jury that National had engaged in unfair claims practices. Further, the parties stipulated to Kwiatkowski's financial hardship and informed the jury of her weekly wage. National now argues cumulative error occurred because of the frequency that the prohibited matters were mentioned to the jury. During the presentation of evidence, National's counsel objected when these matters were raised by the plaintiff. Moreover, the trial court granted National a running objection because counsel for Kwiatkowski insisted on bringing up the prohibited matters. Despite the running objection, National continued to object when the matters in question were raised during the trial. During closing argument, however, National objected to some, but not all, of the improper comments. The trial court sustained most of the objections raised by National and in one instance instructed the jury to disregard the improper comments.

■ Before we will reverse the judgment below and remand a case for a new trial, we must determine that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX. R.APP.P. 81(b)(1); *see also Dove v. Director, State Employees Workers' Compensation Division*, 857 S.W.2d 577, 580 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The cumulative effect of trial counsel repeatedly violating a court's order in limine may be grounds for reversal. *Dove*, 857 S.W.2d at 580. Where a trial court's order on a motion in limine is violated, we review the violations to see if they are curable by jury instructions to disregard. *Dove*, 857 S.W.2d at 580.

■ To obtain reversal on the basis of an improper jury argument, the appellant must prove: (1) an error; (2) the error was not invited or provoked; (3) the error was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial; and (4) the error was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the trial court. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex.1979); *Lone Star Ford, Inc. v. Carter*, 848 S.W.2d 850, 853 (Tex.App.—Houston [14th Dist.] 1993, no writ). The appellant must also prove, if the argument is curable, that the argument constituted reversibly harmful error and the probability that the improper argument caused harm is greater than the probability that the verdict was based upon proper proceedings. Factors such as the length of the argument, whether it was repeated or abandoned, and whether there was cumulative error are pertinent for this determination. *Reese*, 584 S.W.2d at 839–40; *Lone Star*, 848 S.W.2d at 853. The appellate court must evaluate the jury argument in light of the entire case. *Reese*, 584 S.W.2d at 840; *Lone Star*, 848 S.W.2d at 853–54.

■ Incurable jury argument, on the other hand, occurs when the comments are so inflammatory that their harmful nature cannot be cured by an instruction to disregard. In such cases, failure to object does not constitute waiver. *Otis Elevator Co. v. Wood*, 436 S.W.2d 324, 333 (Tex.1968); *Gan-*

*nett Outdoor Co. of Texas v. Kubeczka,* 710 S.W.2d 79, 86 (Tex.App.—Houston [14th Dist.] 1986, no writ).

■ Both parties agreed that the issue before the jury was Kwiatkowski's degree of disability. Yet, despite the severance of the good faith and fair dealing claim and the stipulation as to Kwiatkowski's financial hardship, her counsel continued to comment on her financial status and the manner in which National handled her claim. Moreover, over National's objection, Kwiatkowski's counsel questioned the plaintiff about National's failure to provide a reclining bed and orthopedic stockings, which her doctor had prescribed for her. Counsel further questioned her as to how long she went without receiving a check from National and the sum she received when she did get paid. In closing, Kwiatkowski's lawyer told the jury, "If they had treated this lady right, we would never be here today," and that National's conduct was "an old gimmick in the business of worker's compensation." Her counsel also referred indirectly to the order in limine explaining to the jury why the judge was sustaining National's objection. Other similar comments were made or solicited throughout the trial. All of these objectionable comments were clearly outside the parameters of the disability issue and were highly prejudicial. Counsel for Kwiatkowski defended the comments, in part, because of the need to tell the jury the whole truth. However, the reason for severing the two causes of action was to allow the issues to be decided separately in order to prevent the facts underlying the good faith and fair dealing issue from prejudicing or confusing the jury about the disability issue. On appeal, Kwiatkowski also contends the comments were provoked or invited by National. Having reviewed the record, we find otherwise. The testimony solicited by National was germane to the issue of whether Kwiatkowski was permanently or temporarily disabled. Although part of National's theory was that Kwiatkowski's disability was not so severe as to prevent her from working, National also stipulated to her financial hardship.

Further, the presentation of evidence and the closing arguments were made on the same day. The case was submitted to the jury two days later. Considering the short duration of the trial and the number of prejudicial comments, we find that the error was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict. The instructions to disregard were not sufficient to overcome the harmful effect of the comments heard by the jury. We sustain points of error one and two.

■ National contends in its third point of error that the trial court erred by not submitting an instruction on sole cause in the jury charge. We agree. Sole cause is an inferential rebuttal defense, which may be submitted to the jury only as an instruction. *Reid v. Best Waste Systems, Inc.,* 800 S.W.2d 644, 646 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Each party is entitled to a submission of all of its theories which have support in the evidence. The defendant has no less of a right than the plaintiff to have the jury properly instructed on its theories. *Id.* (citing *Ahlschlager v. Remington Arms Co., Inc.,* 750 S.W.2d 832, 835 (Tex.App.—Houston [14th Dist.] 1988, writ denied). It is the duty of the trial judge to determine whether the doctrine of sole cause has been raised by the evidence. If the evidence supports an instruction, and the instruction has been raised properly by the pleadings, the trial judge has a duty to submit the instruction. *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227, 229 (Tex.App.—Houston [1st Dist.] 1983, no writ); *See also Cook v. Caterpillar, Inc.,* 849 S.W.2d 434 (Tex.App.—Amarillo 1993, writ denied) (holding it is reversible error for a trial court to exclude a definition on "new and independent cause", an inferential rebuttal defense, when supported by the evidence.)

■ National presented deposition testimony from an orthopedic surgeon who examined Kwiatkowski's condition. The doctor testified that in his opinion, based on reasonable medical probability, the sole cause of Kwiatkowski's symptoms was a pre-existing degenerative disc disease coupled with her obesity. He also stated that in his opinion, based on reasonable medical probability, Kwiatkowski's fall did not cause the degenerative disc disease. Because the physician's

testimony raised some evidence of sole producing cause, National was entitled to a submission of this definition. We sustain National's third point of error.

The judgment of the trial court is reversed and this cause is remanded for a new trial.