Jerry W. BRUMFIELD, Appellant,

v.

EXXON CORPORATION, Appellee.

No. 14–00–00439–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 2002.

Sarnie A. Randle, Jr., Houston, for appellant.

Kenneth Tekell, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

This is an appeal from a personal injury case in which the injured party contends the trial court abused its discretion in (1) overruling a *Batson* challenge to two veniremembers and (2) refusing to allow a jury instruction on spoliation of evidence. We affirm.

### I. BACKGROUND

Appellant Jerry W. Brumfield allegedly sustained permanent injuries when the gas he was pumping into a car sprayed in his eyes. Brumfield sued appellee Exxon Corporation for negligence. Brumfield argued that Exxon employees inside the store refused to allow him to use their telephone to call for assistance. After voir dire, Brumfield's attorney objected to two of Exxon's peremptory challenges. Brumfield's attorney argued that Exxon struck the two remaining black jurors, after completing its strikes for cause, solely based on their race. The trial court denied Brumfield's *Batson* challenge. During the trial, the trial court also denied his request to instruct the jury on spoliation of evidence. The jury returned a take-nothing judgment against Brumfield. He raises two points of error on appeal.

### II. ISSUES PRESENTED

In his first point of error, Brumfield contends the trial court abused its discretion in overruling his *Batson* challenge as to two black veniremembers because Exxon exercised its peremptory challenges for discriminatory purposes. In his second point of error, Brumfield contends the trial court abused its discretion in refusing to allow a jury instruction on spoliation of evidence.

### III. BATSON/EDMONSON CHALLENGES

In *Batson v. Kentucky*, the United States Supreme Court declared that racially motivated use of peremptory challenges in criminal cases violates due process of law and requires reversal. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Edmonson v. Leesville Concrete Co., Inc.,* the Court extended the reach of *Batson* to civil trials. 500 U.S. 614, 630–31, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Resolution of a *Batson/Edmonson* challenge involves a three-step process: (1) the opponent of the peremptory challenge must establish a prima facie case of racial discrimination; (2) the party who exercised the strike must provide a race-neutral explanation; and (3) if the striking party does so, the party challenging the strike must prove purposeful racial discrimination. *Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); *Hernandez v. New York,* 500 U.S. 352, 358–59, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); *Goode v. Shoukfeh,* 943 S.W.2d 441, 445 (Tex.1997).

### 1. *Prima Facie Case*

It is undisputed that Brumfield made a prima facie case of racial discrimination in Exxon's exercise of its peremptory strikes. *See Goode,* 943 S.W.2d at 445.

### 2. *Race Neutral Explanation*

■■■ Brumfield seems to argue that Exxon did not meet step two by "fail[ing] to meet the ... burden of articulating a neutral explanation related to the particular case to be tried." However, the reviewing court does not consider at the second step whether the explanation is persuasive or even plausible. Instead, the issue for the trial court and the appellate court at this juncture is the *facial validity* of the explanation. *Purkett,* 514 U.S. at 768, 115 S.Ct. 1769; *Goode,* 943 S.W.2d at 445. In evaluating whether the explanation offered is race-neutral, a court must determine whether the peremptory challenge violates the Equal Protection Clause as a matter of law, assuming the reasons for the peremptory challenge are true. *Hernandez,* 500 U.S. at 359, 111 S.Ct. 1859; *Goode,* 943 S.W.2d at 445. A neutral explanation means that the challenge was based on something other than the juror's race. *Hernandez,* 500 U.S. at 360, 111 S.Ct. 1859; *Goode,* 943 S.W.2d at 445. Unless a discriminatory intent is inherent in the explanation, the reason offered will be deemed race-neutral for purposes of the analysis at step two. *Hernandez,* 500 U.S. at 360, 111 S.Ct. 1859; *Goode,* 943 S.W.2d at 445. Thus the inquiry does not terminate at step two even if the party opposing the peremptory challenge offers a "silly or superstitious" explanation, so long as that explanation is race-neutral. *Purkett,* 514 U.S at 768, 115 S.Ct. 1769; *Goode,* 943 S.W.2d at 445. It is not until the third step that the persuasiveness of the justification for the challenge becomes relevant. *Goode,* 943 S.W.2d at 445.

■■■ Exxon's attorney explained:
I'm going to tell you right now why we struck No. 19. It was because that person works in the union hall and has an office. She works in an office in the union hall.... And it has nothing to do with race. We had a real good reason to strike that juror.... I chose to strike that juror based on occupation and I'm allowed to do that.

■■■ This explanation was not based on the juror's race, but rather on her occupation and counsel's opinion about the views and attitudes associated with that occupation. Striking a juror because of her employment with a union constitutes a facially race-neutral explanation and does not violate *Batson*. *See Tompkins v. State,* 774 S.W.2d 195, 205 (Tex.Crim.App.1987), *aff'd,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989); *see also Baker v. Sensitive Care–Lexington Place Health Care, Inc.,* 981 S.W.2d 753, 756 ("Striking a juror because of her employment with the United States Postal Service constitutes a facially race-neutral explanation and does not violate *Batson*.").

### 3. *Purposeful Racial Discrimination*

■■■ At the third stage of the *Batson/Edmonson* analysis, the trial court may determine if the party challenging the strike has proven purposeful discrimination, and the trial court may believe or not believe the explanation offered by the party who exercised the peremptory challenge. *See Hernandez,* 500 U.S. at 364, 111 S.Ct. 1859; *Goode,* 943 S.W.2d at 446. Whether the race-neutral explanation should be believed is purely a question for the trial court. *Hernandez,* 500 U.S. at 364, 111 S.Ct. 1859; *Goode,* 943 S.W.2d at 446. It is at this stage that implausible justifications for striking potential jurors

"may (and probably will) be found [by the trial court] to be pretexts for purposeful discrimination." *Purkett,* 514 U.S. at 768, 115 S.Ct. 1769; *Goode,* 943 S.W.2d at 446.

■ Factors the trial court may consider in determining whether the explanation for a peremptory challenge is merely a pretext include (1) explanations not related to the facts of the case; (2) a lack of meaningful questioning of the challenged juror; (3) disparate treatment, i.e., persons with the same or similar characteristics as the challenged juror not being struck; (4) disparate examination of veniremembers, i.e., questioning a challenged juror to evoke a certain response without asking the same question of other panel members; and (5) an explanation based on a group bias where the trait is not shown to apply to the challenged juror specifically. *See Whitsey v. State,* 796 S.W.2d 707, 713–14 (Tex.Crim.App.1989). The existence of any one of these factors tends to show that the striking party's reasons are not actually supported by the record or are an impermissible pretext. *Id.* at 713. However, these factors are not dispositive.

We do not have enough evidence in the record to meaningfully evaluate these factors. What we do have, however, is the trial court's finding there was no purposeful discrimination based on counsel for Exxon's race-neutral explanation of his challenges, which remained unrebutted by objective or other extrinsic evidence of racial discrimination.

In two subissues, Brumfield argues that he was unable to obtain the information needed to demonstrate bias because the trial court failed to either hold a hearing or allow him to cross-examine Exxon's attorney on his reasons for striking the two jurors at issue.

■ Brumfield endeavors to argue the trial court abused its discretion by failing to hold an adversarial hearing in open court and to hear evidence to support Exxon's race-neutral articulation for striking the two jurors. Brumfield further argues that if the trial court had "followed proper procedure ... [it] could have made a rational and informed choice on whether defendant's counsel properly struck the two potential jurors for cause." However, Brumfield does not point us to, nor does our review of the record reveal, where Brumfield objected to the trial court's failure to hold a hearing. Thus, Brumfield has failed to preserve this issue for our review. Accordingly, to the extent Brumfield complains on appeal about the trial court's failure to hold a hearing, we find this subissue is waived. *See* TEX.R.APP. P. 33.1.

■ Moreover, our review of the *Batson* proceeding reveals that Brumfield did in fact have a hearing, albeit during a sidebar with the judge, opposing counsel, and the court reporter, who transcribed Brumfield's *Batson* challenges, Exxon's responses, and the trial court's rulings. Brumfield cites *Goode v. Shoukfeh* for the proposition that the trial court *"must hold an adversarial hearing in open court* with statements of counsel explaining the neutral reasons for the peremptory challenge." (Emphasis appellant's). *See* 943 S.W.2d at 451. However, *Goode* merely provides that the court disfavors *ex parte, in camera* procedures, that "at a minimum, the proceedings should be held in open court," and that unsworn statements of counsel may be offered to explain why the peremptory challenges were exercised. *Id.* We find that Brumfield did in fact have an open court proceeding, which was recorded by the court reporter and during which counsel for both parties gave arguments. Thus, notwithstanding waiver, we would find the trial court did not abuse its discretion in "failing to hold a hearing."

As for the trial court's failure to allow Brumfield's cross-examination of Exxon's attorney, the following exchange demonstrates that he failed to preserve this subissue for review:

Brumfield's Attorney: ... Plaintiff makes a motion under the *Batson* cases and the cases following *Batson* that Jurors No. 19 and 25, the only two black jurors who were left after the court made strikes for cause, were stricken by the defendant. Neither one of these jurors who were left after the court made strikes for cause, were stricken by the defendant. Neither one of these jurors spoke during the voir dire. And there was no identifiable reason, other than race, for them to have stricken them. And the plaintiff objects to striking these jurors without cause, based solely on race.

Exxon's Attorney: Okay. No. 19—I'm going to tell you right now why we struck No. 19.... She works in an office in the union hall.... And it has nothing to do with race. We had a real good reason to strike that juror.

Brumfield's Attorney: ... [T]his is not a worker's compensation case. It is not an on-the-job injury case. It has nothing to do with the union member or anything to do with unions. There is no identifiable reason, other than race, to strike this juror when she was never asked a question. She never expressed an opinion on any of the questions that were asked of the panel. And the fact that she works at a union hall is totally irrelevant to any issue in this case.

Exxon's Attorney: That may be your thinking.... I chose to strike that juror based on occupation and I'm allowed to do that.

Court: That *Batson* challenge as to No. 19 is overruled. What about No. 25?

Brumfield's Attorney: ... No. 25 expressed no opinions during the general questioning of the jury panel, was asked no individual questions. I note from the jury information that he is not a member of any union. And there is no identifiable reason, other than race, to strike No. 25.,

Exxon's Attorney: We struck about two or three of them because they looked totally disinterested in this case. And he was one of them. And looking at the panel, and looking at him, he didn't appear to care that much about the facts and issues. And I have reason—when I believe that someone is not interested, or shows a disinterest in the case, I have a right to strike him....

Brumfield's Attorney: Your Honor, may I inquire as to the other jurors that were disinterested and were stricken?

Exxon's Attorney: I don't think I have to do that. Furthermore, he's the same age as the plaintiff, approximately.

Court: Overruled.

In judicial dicta,[1] the Texas Supreme Court provided some general guidance on the issue whether a party has the right to cross-examination in the *Edmonson* context. *See Goode*, 943 S.W.2d at 451. Acknowledging the importance of equal protection rights, it suggested that, like the opportunity to rebut, the trial court "should provide the party asserting objections under *Edmonson* with a reasonable opportunity to conduct cross-examination."

---

1. The Court stated that it was generally reluctant to address issues not squarely before it, however it concluded that "some guidance" for future cases was appropriate. *Goode*, 943 S.W.2d at 449.

*Id.* at 452. With that acknowledgment, however, the Court stated that it adheres to the concept that procedures for *Edmonson* hearings should prevent "unnecessary disruption" in the trial courts. *Id.*

While the *Goode* case did not address whether a party must preserve error on a claim he was wrongfully denied the right to cross-examine opposing counsel in a *Batson/Edmonson* proceeding, it has been addressed by this Court in the criminal context. *See Flores v. State,* 33 S.W.3d 907, 926 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).[2] In *Flores,* we held that a *Batson* challenge is subject to the principles of ordinary procedural default. *Id.* "The trial judge as institutional representative has no duty to enforce forfeitable rights unless requested to do so.... Accordingly, an important consequence of a party's failure to petition enforcement of his forfeitable rights in the trial court is that no error attends failure to enforce them and none is presented for review on appeal." *Marin v. State,* 851 S.W.2d 275, 279–80 (Tex.Crim.App.1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App.1997).

During oral argument before this Court, Brumfield's appellate counsel very eloquently conveyed how a group of people—in this case, African Americans—could become rightfully disenchanted with the judicial process if its right to serve on a jury, to carry out its civic duties, were not protected. We wholeheartedly agree that if these jurors were excluded based upon their race, and the trial court failed to prevent such injustice, that failure tarnish-es the process and discourages those who would serve if given the opportunity.

Here, Brumfield intimated he would like to ask questions regarding the other jurors Exxon claimed it excluded for inattentiveness. However, as in *Flores,* he neither asked to cross-examine Exxon's attorney nor did he offer any evidence following Exxon's race-neutral explanation for its peremptory challenges. *See Flores,* 33 S.W.3d at 926. Also as in *Flores,* Brumfield did not voice an objection at trial that he was denied the opportunity to present evidence or argument, and he did not seek to perfect a bill of exceptions. *See id.* Accordingly, we find that Brumfield forfeited review of this subissue on appeal. *See id.* While we agree that protection of the jury selection process is vitally important, we remind counsel that review of the trial court's failure to enforce a right can be waived by the failure to insist upon it.

Brumfield's first point of error is overruled.

## IV. SPOLIATION OF EVIDENCE

In his second point of error, Brumfield contends the trial court abused its discretion in refusing to instruct the jury on spoliation[3] of videotape evidence. During trial, there was testimony that the Exxon station at issue had a surveillance camera inside the store and that it would have recorded some evidence relating to Brumfield's claim, specifically whether Exxon's employees tried to help Brumfield after he was injured and whether Brumfield was in extreme pain and panicking.

---

**2.** The Texas Supreme Court has acknowledged that (1) Texas criminal jurisprudence on *Batson* procedure is much more developed than the civil jurisprudence and (2) the courts of appeals have often looked to our state's criminal jurisprudence for guidance in apply-ing *Batson* and its progeny to civil matters. *Goode,* 943 S.W.2d at 450.

**3.** Spoliation is the improper destruction of evidence. *Whiteside v. Watson,* 12 S.W.3d 614, 621 (Tex.App.-Eastland 2000, pet. denied).

A trial court has broad discretion in determining whether to provide juries with a spoliation presumption instruction. *Trevino*, 969 S.W.2d at 953; *Offshore Pipelines, Inc. v. Schooley*, 984 S.W.2d 654, 667 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Generally, two rules apply to presumptions that derive from the nonproduction of evidence. One is that intentional spoliation of evidence relevant to a case raises a presumption that the evidence would have been unfavorable to the spoliator. *Wal–Mart Stores, Inc. v. Middleton*, 982 S.W.2d 468, 470 (Tex.App.-San Antonio 1998, pet. denied); *H.E. Butt Grocery Co. v. Bruner*, 530 S.W.2d 340, 344 (Tex.Civ.App.-Waco 1975, writ dism'd). Here, there is no evidence that Exxon intentionally destroyed the videotape at issue. To the contrary, an Exxon supervisor testified that the videotapes were routinely taped over after 30 days, and an Exxon claims adjuster testified that when he first learned of Mr. Brumfield's claim, he believed it only concerned the splashback incident occurring outside and beyond view of the camera. He did not know, during the time the claim was being investigated, there would eventually be a claim based upon the store employees' failure to render aid inside the store.

Under the second rule, failure to produce evidence within a party's control raises a rebuttable presumption that the missing evidence would be unfavorable to the nonproducing party. *Ordonez v. M.W. McCurdy Co., Inc.*, 984 S.W.2d 264, 273 and n. 11 (Tex.App.-Houston [1st Dist.] 1998, no pet.). However, if the nonproducing party testifies as to the substance or content of the missing evidence, an opposing party is not entitled to the presumption. *Brewer v. Dowling*, 862 S.W.2d 156, 159 (Tex.App.-Fort Worth 1993, writ denied). At trial, there was testimony that the video would have shown what occurred inside the store on the day in question (e.g., Brumfield entering the store, entering the restroom, motioning excitedly, being handed a bottle of eyewash, etc.). In other testimony, Exxon provided a reasonable explanation for the missing video—that it had been routinely taped over.

Because neither rule discussed above mandates the submission of the requested instruction, we conclude that the trial court did not abuse its discretion in refusing to submit such an instruction.

Accordingly, we overrule Brumfield's second point of error.

We affirm the judgment of the trial court.