**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NORMAN H. ROWE,

      Plaintiff-Appellant,

v.

ALBERTSON'S, INC.,

      Defendant-Appellee.

No. 05-4113
(D.C. No. 2:01-CV-78-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

      Plaintiff Norman H. Rowe, a Utah citizen appearing pro se, filed a

negligence complaint against Albertson's Inc., arising from his slip and fall in one

of Albertson's Texas stores. The district court, applying Texas law in the

diversity action, granted Albertson's motion for summary judgment. On appeal,

---

[*]       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a panel of this court affirmed the summary judgment as to all issues except one: we ordered a limited remand directing the district court to determine whether the evidentiary doctrine of spoliation should apply with respect to a store videotape that Albertson's did not preserve. *Rowe v. Albertson's, Inc.*, 116 F.App'x 171, 176 (10th Cir. 2004). On remand, the district court ruled that Mr. Rowe was not entitled to a presumption of spoliation, and again granted Albertson's motion for summary judgment. We affirm.

The Albertson's store in which Mr. Rowe fell was equipped with a video surveillance system. After Mr. Rowe's fall, two Albertson's employees, Ms. Enloe and Mr. Miller examined the relevant videotape and concluded it did not show Mr. Rowe's fall or the condition of the floor near the time of his fall. The videotape was later recorded over as part of Albertson's routine recycling of surveillance tapes. We need not describe further background information, which may be found in our earlier order and judgment. *Id*. at 172-73.

In our earlier decision, we concluded that Mr. Rowe had failed to present any evidence that Albertson's had either actual or constructive knowledge of the dangerous condition–the water on which he slipped–on its premises or that it failed to exercise reasonable care to mitigate or eliminate the risk. *Id.* at 173. We concluded, however, that Mr. Rowe may have been unable to present favorable evidence because Albertson's intentionally recycled the videotape that might have shown how long the water was on the floor or whether employees had

knowledge of the floor's condition. Thus, we remanded to the district court for a determination of whether Mr. Rowe was entitled to an inference of spoliation sufficient to allow him to survive summary judgment.

Under Texas law, the intentional destruction, or spoliation, of evidence relevant to a case may, in the district court's discretion, give rise to a presumption that the destroyed evidence would have been unfavorable to its destroyer. *Aguirre v. S. Tex. Blood & Tissue Ctr.*, 2 S.W.3d 454, 457 (Tex. Ct. App. 1999). A presumption of spoliation may preclude summary judgment. *Id.* The person asserting the presumption must show that "the party who destroyed the evidence had notice both of the potential claim and of the evidence's potential relevance." *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003). The presumption "may be rebutted by showing that the evidence in question was not destroyed with fraudulent intent or purpose." *Aguirre*, 2 S.W.3d at 457.

In this case, the district court concluded that, while a close question, Mr. Rowe had presented sufficient evidence indicating that Albertson's could reasonably have anticipated that Mr. Rowe was likely to file a claim for relief. Nonetheless, it ruled that Mr. Rowe had not demonstrated that the videotape had any relevance to his claim. It therefore ruled that Mr. Rowe was not entitled to a presumption of spoliation and reaffirmed its grant of summary judgment in favor of Albertson's.

Mr. Rowe challenges the district court's ruling on appeal, contending that there are disputed issues of fact. We review the district court's rejection of Mr. Rowe's requested spoliation presumption for an abuse of discretion. *Wal-Mart Stores*, 106 S.W.3d at 723.

Here, as comprehensively detailed by the district court, the undisputed evidence indicated that the recycled videotape did not show Mr. Rowe's fall or the liquid on the floor. Ms. Enloe testified that the videotape showed "nothing," that it did not show Mr. Rowe's fall, but only showed her walking over to him. R., Vol. IV, Doc. 141, Ex. H, at 34-35. Mr. Miller testified that he would have preserved the videotape if it had shown Mr. Rowe's fall or the incident. *See id.*, Ex. I, at 49-50.

Under Texas law governing spoliation, "if the nonproducing party testifies as to the substance or content of the missing evidence, an opposing party is not entitled to the presumption." *Brumfield v. Exxon Corp.*, 63 S.W.3d 912, 920 (Tex. Ct. App. 2002) (denying spoliation presumption where nonproducing party witnesses testified as to the content of the recycled surveillance videotape). Moreover, as noted above, the person requesting the presumption of spoliation has the affirmative burden of persuasion to demonstrate the potential relevance of the unavailable evidence. *Wal-Mart Stores*, 106 S.W.3d at 722 (applying Texas law); *see also* Michael H. Graham, Federal Practice and Procedure § 7003 n.12 at 39 (interim ed. 2006) ("sponsor of the inference must proffer evidence

sufficient to permit the trier [of fact] to find . . . the document's potential relevance to [the] claim."); *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) (holding that party requesting presumption must produce "some (not insubstantial) evidence" indicating that the destroyed evidence would have been relevant to the contested issue).

Instead of presenting any affirmative evidence indicating that the videotape might have some relevance, Mr. Rowe simply makes conclusory charges that Ms. Enloe and Mr. Miller are not credible. This is insufficient to satisfy his burden of persuasion or to defeat summary judgment. *See Nat'l Am. Ins. Co. v. Am. Re-Ins. Co.*, 358 F.3d 736, 742 (10th Cir. 2004) ("Standing alone, attacks on the credibility of evidence offered by a summary judgment movant do not warrant denial of a summary judgment motion"); *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) ("Unsupported conclusory allegations . . . do not create a genuine issue of fact").

We conclude that the district court did not abuse its discretion in denying Mr. Rowe's requested spoliation presumption and ruling that Albertson's recycling of the videotape, by itself, was not enough for Mr. Rowe to survive summary judgment on his negligence claim. *See Kronisch*, 150 F.3d at 128 (when a party "has produced no evidence--or utterly inadequate evidence--in support of a given claim," "the destruction of evidence, standing alone, is [not] enough to allow [the] party . . . to survive summary judgment on that claim").

-5-

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge