Affirmed and Memorandum Opinion
filed January 6, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00894-CV



Boma A. Opuiyo, Appellant 

v.

HOUSTON AUTO M.
IMPORTS, LTD. D/B/A MERCEDES-BENZ OF HOUSTON GREENWAY AND MERCEDES-BENZ USA,
LLC, Appellees 



On Appeal from
the 281st District Court

Harris County, Texas

Trial Court
Cause No. 2005-74327



 

MEMORANDUM OPINION 

We affirm the trial court’s judgment arising from
Boma Opuiyo’s suit under the Texas Deceptive Trade Practices-Consumer
Protection Act (DTPA), which she filed in connection with a vehicle she
purchased from Houston Auto M. Imports, Ltd. d/b/a
Mercedes-Benz of Houston Greenway and Mercedes-Benz USA, LLC (collectively
“Mercedes-Benz”).  See Tex. Bus. & Com. Code Ann. §§ 17.41–17.63
(Vernon 2002).  




BACKGROUND

Opuiyo sued under the DTPA after buying
a ML350 vehicle from Mercedes-Benz in 2003.  Opuiyo claimed that Mercedes-Benz engaged
in false, misleading, and deceptive acts when it sold the vehicle to her.  See
id. 

Opuiyo alleged that Mercedes-Benz violated
the DTPA by (1) falsely representing that the vehicle was new, even though 47
miles showed on the odometer and the floor mats appeared worn; (2) failing to
deliver a Texas navigation system CD for use with the built-in navigation
system; (3) misrepresenting that the vehicle had a “powerful V6 engine;” and
(4) misrepresenting that the vinyl interior was leather.  Opuiyo claimed that she
sustained a “high degree of pain and distress” in connection with this conduct
and sought $250,000 for mental anguish damages.  Opuiyo also claimed that
Mercedes-Benz engaged in common-law fraud, breached a contract with Opuiyo,
made negligent misrepresentations, and negligently hired, supervised, and
managed its employees.  Mercedes-Benz raised a counter-claim asserting that
Opuiyo filed a groundless, bad faith, or harassing DTPA claim.  See id.
§ 17.50(c).  

Mercedes-Benz filed a no-evidence motion
for summary judgment on Opuiyo’s claims, as well as a motion to strike evidence
Opuiyo proffered in response to Mercedes-Benz’s motion.  The trial court
granted both motions, thereby disposing of all affirmative claims Opuiyo
asserted against Mercedes-Benz.  Mercedes-Benz also filed a motion for summary
judgment on its counter-claim, which the trial court granted.  The ruling
entitles Mercedes-Benz to obtain “reasonable and necessary attorney’s fees and
court costs” under the DTPA.  See id.  

The parties tried the issue of
Mercedes-Benz’s fees and costs to a jury.  The jury awarded Mercedes-Benz
$77,586.50 in attorney’s fees for preparation and trial, $12,500 for an appeal
to the court of appeals, and $10,000 for an appeal to the Texas Supreme Court. 
Opuiyo appeals.




Analysis

I.         Rulings
in Connection with Mercedes-Benz’s No-Evidence Motion for Summary Judgment 

Opuiyo argues in Issue 1 that the trial
court erred by (1) striking the affidavits she proffered in response to
Mercedes-Benz’s no-evidence motion for summary judgment without granting her
time to amend them; (2) striking her other summary judgment evidence; and (3) granting
Mercedes-Benz’s no-evidence motion for summary judgment on all of her
affirmative claims against Mercedes-Benz.

The record does not indicate that Opuiyo
requested additional time to address the issues raised in Mercedes-Benz’s
motion to strike or to amend her affidavits.  Accordingly, Opuiyo was not
entitled to additional time to amend affidavits.  See Webster v. Allstate
Ins. Co., 833 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1992, no
writ).

Further, the record does not contain any
summary judgment evidence filed by Opuiyo in response to Mercedes-Benz’s
motion.  We presume that the trial court properly struck Opuiyo’s evidence and
granted Mercedes-Benz’s no-evidence motion for summary judgment.  See
DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 689 (Tex. 1990) (party
appealing grant of summary judgment bears burden to bring forward sufficient
record).  We overrule Opuiyo’s issue regarding the trial court’s rulings in
connection with Mercedes-Benz’s no-evidence motion for summary judgment.

II.        Opuiyo’s
Request for “Judgment as a Matter of Law”

Opuiyo claims in Issues 2 and 3 that the
she was entitled to “judgment as a matter of law” on her affirmative claims
against Mercedes-Benz.  However, the record does not reveal that Opuiyo filed a
motion for summary judgment or used any other procedural mechanism to request
judgment in her favor on her affirmative claims against Mercedes-Benz.[1] 
Accordingly, Opuiyo has not preserved this issue for our review.  See Tex.
R. App. P. 33.1(a) (“As a prerequisite to presenting a complaint for appellate
review, the record must show that . . . the complaint was made to the trial
court by a timely request, objection, or motion . . . .”).  We overrule
Opuiyo’s issues regarding “judgment as a matter of law” on Opuiyo’s affirmative
claims against Mercedes-Benz.

III.      Denial
of Motion for Mistrial 

Opuiyo argues in Issue 4 that Mercedes-Benz
violated the trial court’s order granting portions of Opuiyo’s motion in limine,
and that these violations entitle her to a new trial.  Opuiyo’s request on
appeal for a new trial rests solely on asserted violations of this order; she
does not challenge the admissibility of the evidence at issue.  

The order granting portions of Opuiyo’s
motion in limine addresses (1) “opposing counsel’s ‘personal opinions’
regarding the case;” (2) the financial condition, wealth or net worth, or
status of any party; and (3) the fact that any damages awarded by the jury in
the case could be increased by operation of law. 

During trial, Opuiyo filed a motion for
mistrial based on purported violations of these provisions of the trial court’s
order on her motion in limine.  Opuiyo’s motion for mistrial focused on the testimony
of Mercedes-Benz’s attorney’s fee expert, John Zavitsanos, in which he (1)
opined that the case is “extraordinary” because Opuiyo failed to comply with
various DTPA requirements; (2) referred to Opuiyo as an attorney; and (3) stated
that Opuiyo initially sued for $500,000, and that any damage award could have
been tripled under the DTPA.  Opuiyo’s
motion for mistrial asserted that Mercedes-Benz violated the trial court’s
order by proffering this testimony because it “did not ask[] the Court for a
ruling out of the hearing of the jury before offering the testimony and said
misconduct has adversely affected [Opuiyo’s] fundamental rights.”  Opuiyo also requested
an instruction for the jury to disregard Zavitsanos’s testimony.[2] 
  

Mercedes-Benz argued that the trial
court’s order on Opuiyo’s motion in limine did not apply to the challenged testimony
because (1) Zavitsanos testified as an expert giving his opinion on the
reasonableness of certain fees necessary to defend against Opuiyo’s claims, not
as opposing counsel injecting his personal opinion about the case; (2) a
reference to Opuiyo’s occupation does not comment on her financial status; and
(3) Opuiyo’s potential entitlement to treble damages if she had prevailed on her
underlying claims does not concern the amount of attorney’s fees or court costs
that could be “awarded by the jury in the case.”

The trial court
rejected Opuiyo’s request for a jury instruction and denied her motion for
mistrial.  Opuiyo argues on appeal only that the alleged violations entitle her
to a new trial.  

An order granting
a traditional motion in limine does not constitute a ruling on admissibility; rather,
such an order prevents a party, counsel, and witnesses from uttering potentially
prejudicial statements in front of the jury without first seeking the trial
court’s permission.  See Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex.
App.—Houston [14th Dist.] 2000, no pet.); see also Greenberg Traurig of
N.Y., P.C. v. Moody, 161 S.W.3d 56, 91 (Tex. App.—Houston [14th Dist.]
2004, no pet.) (distinguishing between order on motion in limine and pre-trial
ruling on admissibility).  Opuiyo’s issue regarding the asserted violations of
the order granting portions of her motion in limine was not raised in
conjunction with an admissibility complaint on appeal.  Accordingly, we do not
address whether the trial court should have excluded the testimony.  See
Tex. R. Evid. 403; see also Fort Worth Hotel Ltd. P’ship v. Enserch
Corp., 977 S.W.2d 746, 755–57 (Tex. App.—Fort Worth 1998, no pet.)
(addressing appellant’s complaints regarding admissibility and prejudice from
motion in limine violations); Nat’l Union Fire Ins. Co. of Pittsburgh v. Kwiatkowski,
915 S.W.2d 662, 664 (Tex. App.—Houston [14th Dist.] 1996, no writ) (addressing
appellant’s complaints regarding relevancy of evidence and prejudice from
motion in limine violations).  Because Mercedes Benz’s alleged limine violations
involve only evidence for which no admissibility challenge has been asserted on
appeal, we do not address the necessity of a jury instruction or other measures
to ameliorate prejudice from references to inadmissible evidence.  Cf. Weidner,
14 S.W.3d at 363–65; Kwiatkowski, 915 S.W.2d at 664–65; Weeks Marine,
Inc., No. 04-08-00681-CV, 2010 WL 307878, at *5–6 (Tex. App.—San Antonio
Jan. 27, 2010, pet. denied).  

Standing alone, a party’s failure to
request a ruling outside of the jury’s presence in violation of a limine ruling
may entitle a party to relief, but any remedies available with regard to such a
violation lie within the trial court’s discretion.  See Onstad v. Wright,
54 S.W.3d 799, 806 (Tex. App.—Texarkana 2001, pet. denied).  If the trial
court’s order has been violated, the court may apply the sanctions of contempt
or take other appropriate action.  Id. 

By denying Opuiyo’s motion for mistrial,
the trial court concluded that (1) the testimony did not violate the order on
Opuiyo’s motion in limine; or (2) the alleged violations did not warrant the
severe sanction of a mistrial.  In either event, the trial court acted within
its discretion.  See id. at 805.  We overrule Opuiyo’s issue regarding asserted
violations of the order granting portions of her motion in limine.

IV.      Mercedes-Benz’s
Trial Evidence

Opuiyo argues in Issue 5 that the trial
court erred by admitting assertedly irrelevant evidence at trial.  Specific
objections to evidence are required to enable the trial court to understand the
precise question of law raised by the objecting party and to make an informed
ruling.  See Tex. R. Evid. 103(a)(1); Seymour v. Gillespie, 608
S.W.2d 897, 898 (Tex. 1980).  Opuiyo did not object at trial to Mercedes-Benz’s
first exhibit.  Opuiyo objected to Mercedes-Benz’s second exhibit, but the objection
was based on hearsay rather than relevance.  Opuiyo does not identify on appeal
any other specific evidence that should not have been admitted.  Opuiyo has not
preserved this issue or properly presented it for our review.  See Tex.
R. App. P. 33.1(a), 38(i).  We overrule Opuiyo’s issue regarding Mercedes-Benz’s
trial evidence.

V.        Opuiyo’s
Trial Evidence

Opuiyo argues in Issue 6 that the trial
court erred by preventing her from presenting evidence at trial.  However, Opuiyo
does not point to any specific evidence that was excluded by the trial court. 
Opuiyo does not cite any authority to support her position on appeal or explain
her assertion that the trial court erred in excluding “certain” evidence. 
Opuiyo has waived this issue on appeal.  See Tex. R. App. P. 38.1(i). 
We overrule Opuiyo’s issue regarding her trial evidence.

VI.      Batson
Challenge

Opuiyo argues in Issue 7 that the trial
court erred by overruling her challenge under Batson v. Kentucky, 476
U.S. 79 (1986), and empanelling a jury that “did not represent a cross section
of the community” and “did not include members of [Opuiyo’s] race.”  

Batson declared that
the use of racially motivated peremptory challenges to exclude potential jurors
in criminal cases violates due process of law.  Id.; see also
Brumfield v. Exxon Corp., 63 S.W.3d 912, 915 (Tex. App.—Houston [14th
Dist.] 2002, pet. denied).  The Batson rule extends to civil trials.  See
Brumfield, 63 S.W.3d at 915 (citing Edmonson v. Leesville Concrete Co.,
500 U.S. 614, 618–28 (1991)).  

Resolution of a Batson challenge
is a three-step process: (1) the party challenging the use of a peremptory
challenge to strike a potential juror must establish a prima facie case of
racial discrimination; (2) the party who exercised the strike must come forward
with a race-neutral explanation; and (3) if the striking party does so, the
party challenging the strike must prove purposeful racial discrimination.  Id.
(citing Purkett v. Elem, 514 U.S. 765, 767 (1995), Hernandez v. New
York, 500 U.S. 352, 358–59 (1991), and Goode v. Shoukfeh, 943 S.W.2d
441, 445 (Tex. 1997)).  We review a trial court’s Batson ruling for
abuse of discretion.  Davis v. Fisk Elec. Co., 268 S.W.3d 508, 515 (Tex.
2008).

Mercedes-Benz asked
the trial court to strike four venire members for cause.  Opuiyo and
Mercedes-Benz agreed to strike Venire member 24; the trial court denied
Mercedes-Benz’s requests to strike Venire members 10 and 27; and Venire member 33
was not empanelled due to the arrangement of the venire.  The parties did not
exercise any peremptory challenges.  

The trial court denied
Opuiyo’s Batson challenge after the following colloquy:

COUNSEL:  [Opuiyo] is hereby making a Batson challenge
to the jury panel and we believe that the jury does not adequately represent
the peers of the defendant and we would request that there be a reshuffle.

COURT:  There be a what?

COUNSEL:  Reshuffle.

COURT:  Your request for a reshuffle is denied.  This is
not the time for a reshuffle.  A Batson challenge is not to request a
reshuffle.  Is there anything else you want to say on the record about a Batson
challenge?

COUNSEL:  We believe that the members of the jurors that
were selected does not reflect — adequately reflect the peers of the defendant
in this case.

COURT:  Is there anything more specific you want to say
about that?

COUNSEL:  No.

COURT:  Okay.  In what way do you think that the jury does
not represent a jury of peers for [Opuiyo]?

COUNSEL:  [Opuiyo], who is African-American.  And this
panel that was selected only has two African-Americans on this panel, and the
range of people of [Opuiyo’s] race that were eliminated does not reflect — does
not allow adequate numerical combination for this jury.

COURT:  I don’t know what that means.  What’s “numerical
combination”?

COUNSEL:  What I mean, Your Honor, is that within the range
that were available that were stricken after cause and the amount of
African-Americans that are on this panel, you know, does not present a fair
combination for [Opuiyo].

COURT:  Okay.  Is there anything else you would like to say
on the record about that?

COUNSEL:  That’s it, Judge.

COURT.  Okay.  I don’t think you’ve adequately presented a Batson
challenge.  So, I think we can go back into the courtroom.

The trial court properly
overruled Opuiyo’s Batson challenge; no peremptory challenges were made,
and no prima facie case of racial discrimination in the use of peremptory
challenges was established.  See Brumfield, 63 S.W.3d at
915.  We overrule Opuiyo’s issue regarding her Batson
challenge.

CONCLUSION

Having overruled all
of Opuiyo’s issues on appeal, we affirm the judgment of the trial court.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore, Boyce, and Christopher.

 









[1]On
September 29, 2009, Opuiyo filed a motion for judgment notwithstanding the
verdict after the jury trial on the amount of Mercedes-Benz’s reasonable and
necessary attorney’s fees and court costs.  Opuiyo’s September 2009 motion did
not address the merits of her affirmative claims against Mercedes-Benz, which
were resolved by the trial court’s order granting Mercedes-Benz’s no-evidence
motion for summary judgment signed on September 18, 2008.  Opuiyo’s brief
contains one sentence regarding her motion for judgment notwithstanding the
verdict: “Further, the trial court erred in denying Opuiyo’s ‘Motion for
Judgment notwithstanding Verdict.’”  This statement does not present anything
for our review.  See Tex. R. App. P. 38.1(i).





[2]
Opuiyo argued at the hearing on her motion for mistrial that this testimony
“prejudiced the jury,” and that the reference to Opuiyo’s profession was
“irrelevant.”  This admissibility complaint was made separately from Opuiyo’s
motion for mistrial based on alleged violations of the trial court’s order on
her motion in limine.  The trial court held that the testimony is admissible. 
Opuiyo does not challenge on appeal the admissibility of this testimony, and we
do not address admissibility.