**Affirmed and Memorandum Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00872-CV

---

### JOSEPH R. WILLIE, II, Appellant

### V.

### COMMISSION FOR LAWYER DISCIPLINE, Appellee

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-16861**

---

## M E M O R A N D U M   O P I N I O N

Attorney Joseph R. Willie, II, challenges a judgment suspending him from the practice of law for twelve months. We affirm.

### BACKGROUND

Willie represented his client, Don Collis Houston Jr., after Houston was indicted for possession of a controlled substance and bail jumping. After

consulting with Willie, Houston signed a judicial confession and waiver of rights as to both charged offenses on May 12, 2008; these documents also were signed by Willie and the State's attorney, Michael Mark. Houston then pleaded guilty to both offenses in the trial court in the presence of Willie and Mark at a hearing on May 12, 2008.

Mark introduced Houston's judicial confessions and waivers of rights for each offense into evidence at the hearing. The trial court asked Willie if he had any objection to the admission; Willie stated that he had no objections; and the trial court admitted the documents into evidence. The trial court asked Willie if he wanted to present anything else on behalf of Houston, but Willie declined and only asked the trial court to "have a PSI done and come back later for sentencing."

The trial court held a punishment hearing on May 23, 2008, and sentenced Houston to five years' confinement for each offense. All proceedings in the trial court relating to Houston were recorded by court reporter Jo Anne Leger.

Willie sent an email to Leger on June 5, 2008, stating: "I am in possession of the originals from the Motion to Suppress Hearing and Motion for Reconsideration Hearing, but the exhibits are not attached. I am forwarding the originals to the Ninth Court of Appeals. Please forward the exhibits from those hearings. Additionally, I need a court reporter's record from the punishment hearing, including all exhibits."

Willie also filed a request for preparation of a reporter's record on June 6, 2008, in which he asked for "the record from the suppression hearing and all exhibits tendered and/or admitted at said hearing, the record from the reconsideration hearing, and the record from the punishment hearing and all exhibits tendered and/or admitted at said hearing." In his request for a clerk's record, filed on June 6, 2008, Willie asked for numerous documents but he did not

2

ask that Houston's judicial confessions or waivers of rights be included.

Willie filed an appellate brief on September 4, 2008, in the Beaumont Court of Appeals on behalf of Houston. The brief challenged Houston's conviction for possession of a controlled substance and bail jumping. Willie argued that legally and factually insufficient evidence supported his client's two convictions because "[a]s remarkable as it may seem, the State never introduced the Defendant's judicial confession, written waiver of rights, the Presentence Investigation and/or stipulations of evidence and the trial court <u>did not</u> admit same in the above-referenced cause numbers." The brief asked the court of appeals to reverse Houston's convictions as a result of the State's failure to introduce evidence.

The State filed a motion to supplement the appellate record with items not contained in the originally filed record because Willie had "failed to request the entire record involving this case." The State requested the entire clerk's record and all exhibits, "including but not limited to the stipulations of evidence and judicial confessions from May 12, 2008," and the reporter's record of all hearings in the case, including the May 12, 2008 plea hearing.

Willie filed a response to the State's motion, stating that (1) he "does not object to any proper supplementation of the appellate record;" (2) if the State "wanted to complain about a matter that would not otherwise appear in the record, the State had sixty (60) days from the pronouncement of sentence" to file a formal bill of exceptions and cannot now be heard to complain when it chose not to file a timely bill; and (3) court reporter Leger's affidavit "does not state that there was a Court Reporter's Record made of the hearing held on May 12, 2008, and [Willie] was never made aware that such a record existed."

The Beaumont Court of Appeals issued an order on October 9, 2008, directing the court reporter to prepare a complete record of the hearings and

ordering the trial court clerk to prepare a supplemental record "containing any documents executed for the guilty plea proceedings, including plea memoranda, written admonishments, judicial confessions and written stipulations."

After a complete record was filed in the court of appeals, the State filed a brief on November 6, 2008, and stated as follows in its briefing: "This is an unmitigated and blatant lie on the part of Appellant's counsel and in fact Appellant's judicial confessions were indeed introduced into evidence in the presence of Appellant's counsel. . . . Appellant's counsel was present when Appellant entered his guilty pleas and when the appropriate documents were introduced into evidence, and in fact, **Appellant's counsel even signed those documents.**"

Willie filed a reply brief on December 3, 2008, in which he withdrew the issue challenging the sufficiency of the evidence to support Houston's convictions.

The Beaumont Court of Appeals issued an opinion addressing other issues Willie raised in the appellate brief. The court made the following statement with regard to the sufficiency issue Willie had withdrawn in his reply brief:

> In his opening brief, Houston argued in issue two that the record contained legally or factually insufficient evidence to support the convictions. Houston withdrew the issue in his reply brief, but the State suggests counsel for the appellant represented in the opening brief that certain events had not occurred in the proceedings below when he knew the true facts to be otherwise. The brief for the appellant stated "[a]s remarkable as it may seem, the State never introduced the Defendant's judicial confession, written waiver of rights, the Presentence Investigation and/or stipulations of evidence into evidence and the trial court did not admit same in the above-referenced cause numbers." As was established through the filing of supplemental records, this statement is incorrect.
>
> Counsel for a party, through briefs and in any oral submission, is expected to provide the Court a fair and accurate understanding of

4

the facts and the applicable law, and must not misrepresent, mischaracterize, misquote or miscite the facts or the law. The Court has inherent power to enforce compliance with the rules, and take appropriate action. Considering that the issue was withdrawn, and after examining the briefs, the record before the Court, and the procedural history in this case, the Court will not proceed further on issue two.

*Houston v. State*, 286 S.W.3d 604, 612 (Tex. App.—Beaumont 2009, pet. ref'd).

Justice Horton wrote a concurring opinion stating: "I concur with the court's opinion to affirm the trial court's judgment. However, I disagree with the decision to not further address defense counsel's false statements to this Court regarding the trial court proceedings." *Id*. at 614 (Horton, J., concurring). After outlining Willie's objectionable conduct before the court of appeals, Justice Horton concluded that further proceedings were warranted to determine whether Willie made misrepresentations to the court. *Id*. at 615. The Beaumont Court of Appeals published the Houston opinion on May 27, 2009.

The Commission for Lawyer Discipline, a committee of the State Bar of Texas, filed its original disciplinary petition on March 15, 2010, alleging that Willie violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1),(5), and 8.04(a)(3),(4). The Commission alleged that Willie "filed Appellant's Brief on September 4, 2008, stating in point of error number two that the State failed to enter Houston's judicial confessions into evidence. [Willie] based his brief on the incomplete record he had filed with the Court. [Willie]'s brief contained material omissions and misrepresentations of facts to the Court."

Willie filed his original answer and counterclaims on May 19, 2010. Willie asserted a claim for intentional infliction of emotional distress against the Commission seeking monetary damages; he also asserted claims for civil conspiracy and Equal Protection and Due Process violations under 42 U.S.C.A. §

1985(3) (West 2003) against the Commission seeking monetary damages and attorney's fees.

The trial court signed an order dismissing Willie's counterclaims on September 13, 2010.

The Commission filed its first amended disciplinary petition on October 29, 2012, alleging that Willie violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), and 8.04(a)(3). In its petition, the Commission alleged that Willie requested an incomplete record and then filed an appellate brief on September 4, 2008, in which he contended in issue two that there was insufficient evidence to support his client's conviction because the State failed to enter his client's judicial confessions, among others, into evidence. The Commission further alleged that "[i]t was thereafter established through the filing of supplemental records, at the State's request, that not only was this statement incorrect, but [Willie] was present as Houston's counsel when these documents were admitted into evidence. [Willie]'s brief contained material omissions and misrepresentation[s] of fact to the Court."

Willie filed a counter-petition for declaratory judgment on May 13, 2013, alleging that "[i]t is uncontroverted, undisputed and has been judicially admitted by the [Commission] that the issues alleged by the [Commission] have been adjudicated" in the Beaumont Court of Appeals *Houston v. State* opinion of May 27, 2009. Willie alleged that the Commission "literally 'stands in the shoes' of the Complainant, Justice Hollis Horton, and the causes of action contained in its First Amended Disciplinary Petition have already been litigated, found to be without merit and are totally barred from being relitigated in this or any other forum." Willie requested that the trial court (1) issue a declaration that Texas Disciplinary Rule of Professional Conduct 1.02(c) and comment 10 as well as comment 7 to

6

Texas Rule of Disciplinary Procedure 3.03 are "applicable to the facts of this controversy;" (2) issue a declaration that the causes of action brought by the Commission in its first amended disciplinary petition are barred by the doctrine of res judicata and/or collateral estoppel; and (3) award reasonable attorney's fees and court costs.

The trial court signed an order denying Willie's counter-petition for declaratory judgment on May 21, 2013.

A two-day jury trial was held on May 21, 2013. The jury heard testimony from Mark, Leger, and Willie. The parties also presented the jury with exhibits relating to Willie's representation of Houston in the trial court and in the Beaumont Court of Appeals. The exhibits included Willie's request for preparation of the reporter's record and his email to Leger requesting a reporter's record of the punishment hearing and exhibits; the appellate brief Willie filed on behalf of Houston; Mark's motion to supplement the record in the Houston appeal and Willie's response; the supplemental clerk's record as well as the reporter's record for the plea and punishment hearings; the State's brief; Willie's reply brief withdrawing issue two; and the Beaumont Court of Appeals opinion.

The jury answered the following three questions affirmatively:

**QUESTION NO. 1**

Do you find by a preponderance of the evidence that while representing Don C. Houston, Jr. in matter *Don C. Houston, Jr. vs. The State of Texas*, Joseph R. Willie II knowingly made a false statement of material fact or law to the court?

> You are instructed that, for the purpose of this question, the term 'knowingly' denotes actual knowledge of the fact in question. A person's knowledge can be inferred from circumstances.

> You are also instructed that, for the purpose of this question, a

statement is 'material' if it is one to which the judge would attach importance and be induced to act on in making a ruling.

Answer 'Yes' or 'No.'

Answer: Yes

## QUESTION NO. 2

Do you find by a preponderance of the evidence that while representing Don C. Houston, Jr. in matter *Don C. Houston, Jr. vs. The State of Texas*, Joseph R. Willie II asserted or controverted an issue in that proceeding in the absence of a reasonable belief that the basis for doing so was not frivolous?

> You are instructed that, for the purpose of this question, a filing or contention is frivolous if it contains knowingly false statements of fact.

Answer 'Yes' or 'No.'

Answer: Yes

## QUESTION NO. 3

Do you find by a preponderance of the evidence that Joseph R. Willie II engaged in conduct involving dishonesty, fraud, deceit or misrepresentation?

Answer 'Yes' or 'No.'

Answer: Yes

The trial court "assess[ed] a one-year fully probated sentence as imposed, attorneys' fees as requested, costs of court in the amount of [$]778.16."

Willie filed a motion for judgment notwithstanding the verdict on July 2, 2013, arguing that the trial court erred by "submitting the case to the jury, because no material issue of fact was raised by the evidence." Willie argued that the trial court should (1) sign a judgment in Willie's favor because issue two of the Houston appellate brief was properly amended and withdrawn before the issue was submitted to the Beaumont Court of Appeals, and the appellate court "unambiguously stated" that issue two "would not be considered in the

8

adjudication of the appeal;" and (2) disregard the jury's answers because issue two of the Houston appellate brief was not presented to the Beaumont Court of Appeals "for adjudication, thus the [Commission]'s causes of action were moot as a matter of law."

The Commission filed a response to Willie's motion for judgment notwithstanding the verdict on July 9, 2013, stating that Willie's argument "only addresses a single issue presented to the jury, identified as 'Question No. 2.'" The Commission argued that a judgment notwithstanding the verdict would be improper because (1) the jury's answer to Question No. 2 is supported by more than a scintilla of evidence; (2) there is "no legal principle that precludes [the Commission]'s recovery or the submission of Question No. 2 to the jury;" and (3) "there is no evidence establishing a fact, as a matter of law, contrary to the jury's answer to Question No. 2."

Willie filed a reply to the Commission's response on July 10, 2013, contending that the Commission "does not have a cause of action as a matter of law." According to Willie, there was no false statement presented to the appellate court because the court of appeals gave Willie leave to amend and withdraw issue two so that it was never considered by the court of appeals.

The trial court signed an order denying Willie's motion for judgment notwithstanding the verdict on July 29, 2013.

On the same day, the trial court signed a "Judgment of Fully Probated Suspension." In the judgment, the trial court stated that Willie "committed professional misconduct as defined by Rule 1.06V" of the Texas Rules of Disciplinary Procedure and violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), and 8.04(a)(3). The trial court further stated that, after hearing the evidence and argument and after considering the factors in Rule 3.10 of

9

the Texas Rules of Disciplinary Procedure, the appropriate sanction is a fully probated suspension from the practice of law for a period of 12 months. The trial court imposed several terms of probation. The court ordered Willie to pay "attorney's fees and direct expenses" in the amount of $12,428.16, and stated that "all amounts ordered herein are due to the misconduct of [Willie], [and] are assessed as a [sic] part of the sanction in accordance with Rule 1.06(Y) of the Texas Rules of Disciplinary Procedure."

Willie filed a "Request For Findings Of Fact And Conclusions Of Law As To The Denial Of [Willie]'s Counter-Petition For Declaratory Judgment" on August 5, 2013.

On the same day, Willie filed a motion for new trial, alleging that (1) the trial court erred by excluding his exhibits 15 through 18, and 38; (2) the trial court erred by denying his counter-petition for declaratory judgment "without receiving evidence;" and (3) legally and factually insufficient evidence supported the jury's findings.

The Commission filed a response to Willie's motion for new trial on August 20, 2013, contending that (1) the trial court's ruling on Willie's counter-petition for declaratory judgment is a ruling on a pretrial motion that does not "support a request for new trial;" (2) there is sufficient evidence to support the jury answers; and (3) Willie failed to show that the trial court's exclusion of exhibits constitutes an abuse of discretion, and the admission of Willie's exhibits would have been cumulative.

Willie filed a reply to the Commission's response on August 21, 2013, alleging that the Commission is confused regarding its burden of proof in this case.

On August 27, 2013, Willie filed a notice of past due findings of fact and

conclusions of law.  Willie filed a timely notice of appeal on September 28, 2013.

ANALYSIS

## I.     Failure to Issue Findings of Fact and Conclusions of Law

Willie argues in his first issue that the trial court erred by failing to file findings of fact and conclusions of law "as to the denial of [his] Counter-Petition for Declaratory Judgment."

Under Texas Rule of Civil Procedure 296, when a party makes a proper and timely request for findings of fact and conclusions of law and the trial court fails to comply, harm is presumed unless the record affirmatively shows that the requesting party was not harmed by their absence.  Tex. R. Civ. P. 296; *Watts v. Oliver*, 396 S.W.3d 124, 130 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam)); *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 665 (Tex. App.—Houston [14th Dist.] 2011, no pet.).  Findings of fact and conclusions of law must be requested within 20 days after judgment, and if no findings and conclusions are filed, the requesting party must file a notice of past due findings within 30 days of its original request.  *See* Tex. R. Civ. P. 296, 297.  If the record shows that the failure to file findings of fact and conclusions of law did not prevent the appellant from properly presenting his case to the appellate court, error is not harmful.  *See Watts*, 396 S.W.3d at 130 (citing *Tenery*, 932 S.W.2d at 30); *Rumscheidt*, 362 S.W.3d at 665.

Willie contends that the trial court's failure to issue findings of fact and conclusions of law constituted harmful error because he was "prevented from properly presenting a case to the appellate court" as there are "two or more possible grounds on which the trial court may have based its denial."  Willie contends he would have to "guess what the trial court found unless the trial court's

11

findings are provided to him."

After the final judgment was signed on August 2, 2013, Willie requested findings of fact and conclusions of law pursuant to Rule 296 on August 5, 2013. *See* Tex. R. Civ. P. 296. He also filed a notice of past due findings of fact and conclusions of law on August 27, 2013. *See* Tex. R. Civ. P. 297. However, the record shows that the failure to file findings of fact and conclusions of law in response to Willie's request did not prevent him from properly presenting his case on appeal, and therefore any error is harmless.

Willie alleged in his counter-petition for declaratory judgment that "[i]t is uncontroverted, undisputed and has been judicially admitted by the [Commission] that the issues alleged by the [Commission] have been adjudicated" in the Beaumont Court of Appeals *Houston v. State* opinion of May 27, 2009, and found to be without merit. Willie requested that the trial court issue a declaration that (1) Texas Disciplinary Rule of Professional Conduct 1.02(c) and comment 10 as well as comment 7 to Texas Rule of Disciplinary Procedure 3.03 are "applicable to the facts of this controversy;" and (2) the causes of action brought by the Commission against him are barred by res judicata and/or collateral estoppel. Although the order did not specifically state why the trial court denied Willie declaratory judgment, it is clear from Willie's counter-petition that denial was based on a determination that the cited Rules were inapplicable and a determination that the Commission's causes of action were not barred by res judicata and/or collateral estoppel. Willie could have addressed either ground in his appellate brief.

Accordingly, we conclude that Willie was not harmed by the trial court's failure to file findings of fact and conclusions of law in response to his requests. *See Rumscheidt*, 362 S.W.3d at 665–66; *Alsenz v. Alsenz*, 101 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

12

We overrule Willie's first issue.

## II.    Declaratory Judgment

In his second issue, Willie states that the trial court erroneously denied his motion for new trial because it "sustained [the Commission]'s special exceptions and dismissed [his] Counter-Petition for Declaratory Judgment;" however, Willie does not present any further argument regarding this contention.[1]   Willie argues that "the trial court did not have the authority to dismiss [his] Counter-Petition for Declaratory Judgment without allowing [him] an opportunity to amend his pleadings to cure a perceived defect," which probably caused the rendition of an improper judgment.   Willie also argues that "it is undisputed and uncontroverted that if the cause of action, as pled in [Willie]'s Counter – Petition for Declaratory Judgment, were adjudicated, by either the jury or the trial court in [his] favor, the controversy giving rise to the proceeding most certainly would have been terminated."

Under the Uniform Declaratory Judgments Act (UDJA), "[a] court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."   Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (Vernon 2015).   The UDJA's purpose is "to settle and to afford

---

[1] In this issue, Willie also argues that the "trial court abused its discretion in failing to correctly apply the [Harris County] local rules when it sustained [the Commission]'s special exceptions, which probably caused the rendition of an improper judgment," because the Commission was required under the local rules to (1) confer with Willie before filing special exceptions; (2) "obtain a timely hearing to present its special exceptions to the trial court;" and (3) "allow [Willie] time to file a written response and/or cure any defect before the hearing. Willie asserts that, because he "asked for [Texas Disciplinary] Rules [of Professional Conduct] 1.02(c) and 3.03 cmt.7 to be declared applicable under the Uniform Declaratory Judgment Act" and "[s]ince evidence was presented at trial that supported the application of these rules, the trial court erred in dismissing [his] Counter-Petition for Declaratory Judgment."   Because Willie failed to make these arguments in the trial court, we need not address them on appeal. *See* Tex. R. App. P. 33.1.(a).

13

relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id*. § 37.002(b) (Vernon 2015). "A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." *Id*. § 37.004(a) (Vernon 2015).

A declaratory judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 873 (Tex. App.—Dallas 2005, no pet.); *Scurlock Permian Corp. v. Brazos Cnty.*, 869 S.W.2d 478, 486 (Tex. App.—Houston [1st Dist.] 1993, writ denied). To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Scurlock*, 869 S.W.2d at 487. A trial court may refuse to sign a declaratory judgment if the judgment will not terminate the uncertainty or controversy giving rise to the proceeding. *Id*. at 486. A party cannot use the UDJA to settle disputes already pending before the court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding).

Willie provides no argument to support his assertion that the trial court's dismissal of his "Counter-Petition for Declaratory Judgment without allowing [him] an opportunity to amend his pleadings to cure a perceived defect" probably caused the rendition of an improper judgment in this case. *See* Tex. R. App. P. 44.1.(a)(1). Nor does Willie state how he would have amended his pleadings to prevent "dismissal" of his counter-petition had he been given the opportunity.

14

Further, in his counter-petition for declaratory judgment, Willie requested a declaration that (1) Texas Disciplinary Rules of Professional Conduct 1.02(c) and 3.03 cmt.7 "are applicable to the facts of this controversy." Rule 1.02(c) provides:

> A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent. A lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel and represent a client in connection with the making of a good faith effort to determine the validity, scope, meaning or application of the law.

Tex. Disciplinary Rule Prof'l Conduct R. 1.02(c), *reprinted in* Tex. Gov't Code Ann., title 2, subtit. G, app. A (Vernon 2013). Comment 7 to Rule 3.03 provides:

> It is possible, however, that a lawyer will place testimony or other material into evidence and only later learn of its falsity. When such testimony or other evidence is offered by the client, problems arise between the lawyer's duty to keep the client's revelations confidential and the lawyer's duty of candor to the tribunal. Under this Rule, upon ascertaining that material testimony or other evidence is false, the lawyer must first seek to persuade the client to correct the false testimony or to withdraw the false evidence. If the persuasion is ineffective, the lawyer must take additional remedial measures.

Tex. Disciplinary Rule Prof'l Conduct R. 3.03 cmt. 7, *reprinted in* Tex. Gov't Code Ann., title 2, subtit. G, app. A (Vernon 2013).

There is no "real and substantial controversy involving a genuine conflict of tangible interests" in this case that a declaration regarding the applicability of Rule 1.02(c) and Comment 7 to Rule 3.03 would have "settled" or "terminated." Nor would "the entire controversy . . . be determined by [a] judicial declaration" in this case. *See Scurlock*, 869 S.W.2d at 486-87 ("A trial court may refuse to render or enter a declaratory judgment if the judgment will not terminate the uncertainty or controversy giving rise to the proceeding."). Here, the controversy centers around whether Willie violated Texas Disciplinary Rules of Professional Conduct

3.01, 3.03(a)(1), and 8.04(a)(3) by knowingly making a false statement of material fact or law to the court; asserting or controverting an issue in the absence of a reasonable belief that the basis for doing so was not frivolous; and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. A declaration that Rule 1.02(c) and Comment 7 to Rule 3.03 "are applicable to the facts of this controversy" would not settle these questions.

Additionally, the trial court's dismissal did not prevent Willie from raising the applicability of Rule 1.02(c) and Comment 7 to Rule 3.03 and any associated defensive issue at trial. Willie requested that the trial court submit Rule 1.02(c)'s language to the jury in the form of an instruction to Willie's proposed Jury Question No. 1.[2]

In his counter-petition for declaratory judgment, Willie also requested a declaration that "the causes of action brought by" the Commission are "barred due to the doctrine of *res judicata* and/or the doctrine of collateral estoppel" because (1) "[i]t is uncontroverted, undisputed and has been judicially admitted by the [Commission] that the issues alleged by the [Commission] have been adjudicated" in the Beaumont Court of Appeals *Houston v. State* opinion of May 27, 2009; and (2) "the causes of action contained in [the Commission's] First Amended Disciplinary Petition have already been litigated, found to be without merit and are totally barred from being relitigated in this or any other forum."

Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d

---

[2] Willie challenges the trial court's refusal to submit Rule 1.02(c)'s language to the jury in the form of an instruction in his ninth issue. Accordingly, we address this challenge in our analysis of Willie's ninth issue.

644, 652 (Tex. 1996). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id*.

The doctrine of collateral estoppel is used to prevent a party from relitigating an issue that it previously litigated and lost. *Quinney Elec., Inc. v. Kondos Entm't, Inc.*, 988 S.W.2d 212, 213 (Tex. 1999). A party seeking to assert collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)

Nothing in the record establishes that "[i]t is uncontroverted, undisputed and has been judicially admitted by the [Commission] that the issues alleged by the [Commission] have been adjudicated" in the *Houston* opinion, and have "already been litigated, found to be without merit." The Beaumont Court of Appeals opinion addressed issues regarding whether Houston's convictions for possession of a controlled substance and bail jumping should be affirmed or overturned. The court of appeals neither adjudicated nor considered issues concerning whether Willie's conduct violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), and 8.04(a)(3) as the Commission alleged in its live pleading; those issues were not litigated and were not found to be meritless by the court of appeals. The court stated in its opinion:

> In his opening brief, Houston argued in issue two that the record contained legally or factually insufficient evidence to support the convictions. Houston withdrew the issue in his reply brief, but the State suggests counsel for the appellant represented in the opening brief that certain events had not occurred in the proceedings below when he knew the true facts to be otherwise. The brief for the

17

appellant stated '[a]s remarkable as it may seem, the State never introduced the Defendant's judicial confession, written waiver of rights, the Presentence Investigation and/or stipulations of evidence into evidence and the trial court did not admit same in the above-referenced cause numbers.' As was established through the filing of supplemental records, this statement is incorrect.

Counsel for a party, through briefs and in any oral submission, is expected to provide the Court a fair and accurate understanding of the facts and the applicable law, and must not misrepresent, mischaracterize, misquote or miscite the facts or the law. The Court has inherent power to enforce compliance with the rules, and take appropriate action. Considering that the issue was withdrawn, and after examining the briefs, the record before the Court, and the procedural history in this case, the Court will not proceed further on issue two.

*Houston*, 286 S.W.3d at 612. Further, the Commission never admitted that the causes of action it pleaded in its amended petition had been "adjudicated" in the court of appeals opinion. Based on the record in this case, Willie's defenses of res judicata and collateral estoppel fail on the merits.[3] And there is no amended pleading Willie could have filed in this case that would have supported a determination that the Commission's claims are barred by res judicata or collateral estoppel.

We overrule Willie's second issue.

## III. Exclusion of Evidence

Willie argues in his third issue that the trial court erroneously ruled that his "Exhibit No. 15 (a copy of Tex. Gov't Code §52.047), Exhibit No. 16 (a copy of Tex. R. App. P. 33.1), Exhibit No. 17 (a copy of Tex. R. App. P. 33.2), Exhibit No. 18 (a copy of Tex. R. App. P. 34.6), and Exhibit No. 19 (a copy of Tex. R. App. P.

---

[3] Willie does not state how he would have amended his pleadings to be entitled to a declaratory judgment in his favor had he been given the opportunity.

38.7) were inadmissible as evidence at trial." He argues that these exhibits were relevant and their exclusion denied him the opportunity to "present a full and fair defense to the allegations of" the Commission. According to Willie, "[T]he excluded evidence is not cumulative and is controlling on a material issue that is dispositive of the case."

Determining whether to admit or exclude evidence lies within the trial court's sound discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). A trial court exceeds its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for the trial court's judgment. *Id*. An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *see Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 264 (Tex. 2012).

To reverse a judgment based on a claimed error in admitting or excluding evidence, a party must show that the error probably resulted in an improper judgment. *Interstate Northborough P'ship*, 66 S.W.3d at 220; *see* Tex. R. App. P. 44.1(a)(1). In determining whether the excluded or admitted evidence probably resulted in the rendition of an improper judgment, we review the entire record. *See Interstate Northborough P'ship*, 66 S.W.3d at 220. Typically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Id*. This Court ordinarily will not reverse a judgment because a trial

court erroneously excluded evidence when the evidence in question is cumulative and not controlling on a material issue dispositive to the case. *Id*.

Willie's Exhibit No. 15 is a copy of Texas Government Code section 52.047 titled "Transcripts;" section 52.047 provides for the procedure and expenses associated with requesting "a transcript of the evidence in a case reported by an official court reporter." *See* Tex. Gov't Code Ann. § 52.047 (Vernon 2013).

Willie's Exhibit No. 16 is a copy of Texas Rule of Appellate Procedure 33.1 titled "Preservation; How Shown." Rule 33.1 sets out the different ways a party is required to preserve a complaint in the trial court in order to present it for appellate review. *See* Tex. R. App. P. 33.1.

Willie's Exhibit No. 17 is a copy of Texas Rule of Appellate Procedure 33.2 titled "Formal Bills of Exception," which provides that a party must file a formal bill of exception "to complain on appeal about a matter that would not otherwise appear in the record." Tex. R. App. P. 33.2. Rule 33.2 sets out the form, procedure, and time for filing a formal bill of exception. *See id*.

Willie's Exhibit No. 18 is a copy of Texas Rule of Appellate Procedure 34.6 titled "Reporter's Record." Rule 34.6 sets out, among others, the (1) procedure for requesting a reporter's record from a court reporter; (2) requirements and consequences of requesting only a partial reporter's record; (3) procedure for supplementing a reporter's record; and (4) procedure for correcting any inaccuracies in the reporter's record. *See* Tex. R. App. P. 34.6.

Willie's Exhibit No. 19 is a copy of Texas Rule of Appellate Procedure 38.7 titled "Amendment or Supplementation." Rule 38.7 provides that "A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." Tex. R. App. P. 38.7.

20

Contrary to Willie's assertion, we do not agree that the excluded evidence was "controlling on a material issue" in the case and that the "judgment turns on the particular evidence excluded." In fact, it is unclear how the excluded evidence would have been relevant in this case. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401.

Willie argues that "allowing the jury to see the exact wording of the appellate rules that governed [his] behavior in writing his briefs to the Ninth Court of Appeals was material" to determining whether he violated Texas Disciplinary Rules of Professional Conduct. The jury was asked to determine whether Willie, "while representing Don C. Houston, Jr. in matter *Don C. Houston, Jr. vs. The State of Texas*," (1) "knowingly made a false statement of material fact or law to the court;" (2) "asserted or controverted an issue in that proceeding in the absence of a reasonable belief that the basis for doing so was not frivolous;" and (3) "engaged in conduct involving dishonesty, fraud, deceit or misrepresentation." Nothing in the excluded evidence could have aided the jury in answering any of the three submitted questions. Therefore, the trial court did not err in excluding Willie's Exhibit Nos. 15 to 19.

We overrule Willie's third issue.

## IV. Judicial Notice

Willie argues in his fourth issue that the trial court erred when "it did not take judicial notice of the statute and rules" contained in his Exhibit Nos. 15 to 19 pursuant to Texas Rule of Evidence 201(d), and (g) because these exhibits "contained adjudicative facts to which the law is applied in the process of adjudication."

As Willie correctly states in his brief, Rule 201(d) provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."  And section (g) of Rule 201 provides that "[i]n civil cases, the court shall instruct the jury to accept as conclusive any fact judicially noticed."

Contrary to Willie's assertion, the record establishes that he did not request the trial court to take judicial notice of the "statute and rules in question." Therefore, Willie's fourth issue presents nothing for our review.  *See* Tex. R. App. P. 33.1.(a).

We overrule Willie's fourth issue.

## V.    Sufficiency of the Evidence

Willie argues in his fifth issue that the trial court erred by denying his motion for new trial because there is factually insufficient evidence to support a jury finding that he violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), or 8.04(a)(3).  Willie argues in his sixth issue that the trial court erroneously denied his motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial because there is legally insufficient evidence to "sustain a finding" that he violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), or 8.04(a)(3).

### A.    Standard of Review

A directed verdict is proper when no evidence of probative force raises a fact issue on a material element of the plaintiff's claim, or when the evidence conclusively establishes a defense to the plaintiff's cause of action.  *Prudential Ins. Co. of Am. v. Fin. Review Servs. Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).  A trial court may disregard a jury verdict and render judgment notwithstanding the verdict when no evidence supports the jury finding on an issue necessary to liability, or when a

directed verdict would have been proper. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); *see* Tex. R. Civ. P. 301.

"No evidence" or legal insufficiency challenges may be sustained only when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (citing Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)).

We must consider evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *Id*. at 822. If the evidence allows only one inference, neither jurors nor the reviewing court may disregard that evidence. *Id*. "The traditional scope of review does not disregard contrary evidence in every no evidence review if there is no favorable evidence (situation (a) above), or if contrary evidence renders supporting evidence incompetent (situation (b) above) or conclusively establishes the opposite (situation (d) above)." *Id*. at 810–11. If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so. *Id*. at 822. Accordingly, the ultimate test for legal sufficiency always must focus on whether the evidence would enable reasonable and fair-minded jurors to reach the verdict under review. *Id*. at 827. Legal sufficiency review in the proper light must credit favorable evidence if reasonable jurors could do so, and must disregard contrary evidence unless reasonable jurors could not do so. *Id*. The reviewing court cannot substitute its judgment for that of the trier of fact if the evidence falls within this zone of reasonable disagreement. *Id*. at 822.

Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony. *Id*. at 820. They may choose to believe one witness and disbelieve another. *Id*. It is the province of the jury to resolve conflicts in the evidence. *Id*. Accordingly, courts reviewing all the evidence in a light favorable to the verdict must assume that jurors resolved all conflicts in accordance with that verdict. *Id*.

In reviewing factual sufficiency, we must consider and weigh all the evidence. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Id*. We may not substitute our own judgment for that of the trier of fact. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Golden Eagle Archery, Inc.*, 116 S.W.3d at 761. The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Jones v. Smith*, 291 S.W.3d 549, 555 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

**B.    Legal and Factual Sufficiency**

Willie argues that there is legally and factually insufficient evidence to support the jury's findings that he violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), or 8.04(a)(3) because (1) Willie had a reasonable basis for filing issue two in the Houston appellate brief based on "an accurate reading of the appellate record as first submitted" to the Beaumont Court of Appeals; (2) Willie properly amended his brief and withdrew issue two after the complete appellate record was filed in the court of appeals, so that issue two was never argued before the court; (3) the court of appeals never considered issue two

24

because it was never presented for adjudication; and (4) Willie did not make a false statement upon which the court of appeals relied in adjudicating the Houston appeal because the court of appeals stated that it would not consider the withdrawn issue. According to Willie, "[s]ince Issue No. 2 had been amended, withdrawn, and superseded and [was] no longer a part of the appellate record in the case, [the Commission] had no valid cause of action to present to the trial court. In turn, the trial court had no valid issues to submit to the jury."

The jury was asked to determine whether Willie, while representing Houston, knowingly made a false statement of material fact or law to the court; asserted or controverted an issue in the absence of a reasonable belief that the basis for doing so was not frivolous; and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

Rule 3.01 provides that "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous." Tex. Disciplinary Rule Prof'l Conduct R. 3.01, *reprinted in* Tex. Gov't Code Ann., title 2, subtit. G, app. A (Vernon 2013). Rule 3.03(a)(1) provides that "A lawyer shall not knowingly make a false statement of material fact or law to a tribunal." Tex. Disciplinary Rule Prof'l Conduct R. 3.03(a)(1), *reprinted in* Tex. Gov't Code Ann., title 2, subtit. G, app. A (Vernon 2013). Rule 8.04(a)(3) provides that "A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Tex. Disciplinary Rule Prof'l Conduct R. 8.04(a)(3), *reprinted in* Tex. Gov't Code Ann., title 2, subtit. G, app. A (Vernon 2013).

At trial, evidence established that Willie represented Houston after he was charged with possession of a controlled substance and bail jumping. The evidence established that Houston signed judicial confessions and waivers of rights, which

25

also were signed by Willie and prosecutor Mark on May 12, 2008. At a plea hearing on the same day, Houston pleaded guilty to both offenses in the presence of Willie and Mark. Without objection from Willie, Mark introduced the judicial confessions and waivers of rights into evidence. At the plea hearing, Willie made no argument on behalf of Houston regarding punishment or any other matter; he asked only that a PSI report be prepared, and that the parties later return for sentencing. The trial court then held a punishment hearing on May 23, 2008, and sentenced Houston. The evidence at trial was undisputed that court reporter Leger had recorded all trial court proceedings concerning Houston; and transcripts of the plea and punishment hearings were introduced by the Commission and admitted into evidence.

The jury also reviewed Willie's June 5, 2008 email to Leger, in which he informed Leger that he had the record for the motion to suppress and motion for reconsideration hearings, and asked Leger to send him exhibits from those two hearings as well as the "record from the punishment hearing, including all exhibits." The jury reviewed Willie's June 6, 2008 request for preparation of a reporter's record, in which Willie asked for "the record from the suppression hearing and all exhibits tendered and/or admitted at said hearing, the record from the reconsideration hearing, and the record from the punishment hearing and all exhibits tendered and/or admitted at said hearing." The Commission introduced Willie's June 6, 2008 request for a clerk's record, in which Willie asked for numerous documents but did not ask that Houston's judicial confessions or waivers of rights be included.

Willie testified that he requested a complete record of all the hearings, proceedings, and exhibits relating to his representation of Houston. Willie testified that the May 12, 2008 hearing, at which Houston entered his guilty pleas, and the

May 23, 2008 punishment hearing all were part of a continuous punishment hearing, and that the court reporter chose to use different titles of "plea hearing" and "punishment hearing." Willie suggested that, when he asked for a record of the "punishment hearing," the request also included the May 12, 2008 "plea hearing" because there were "two parts to the punishment hearing."

Because transcripts of the plea and punishment hearings were admitted into evidence, the jury could determine whether these two hearings were indeed two parts of a single punishment hearing. The jury also could consider that Willie made no argument regarding punishment or any other issue at the May 12, 2008 hearing and asked that the parties later return for punishment.

The jury also could review the appellate brief Willie filed on behalf of Houston in the Beaumont Court of Appeals, in which Willie asserted in issue two that "[a]s remarkable as it may seem, the State never introduced the Defendant's judicial confession, written waiver of rights, the Presentence Investigation and/or stipulations of evidence and the trial court did not admit same in the above-referenced cause numbers." With regard to Willie's brief, Mark testified at trial that Willie's statement in issue two was untrue because Mark had introduced and the trial court had admitted the exhibits into evidence in Willie's presence. Mark testified that he asked the court of appeals to supplement the appellate record because Willie had "failed to request the entire record." After the complete record had been filed, Mark filed the State's brief responding to Willie's argument. Willie then filed a reply brief, in which he withdrew issue two.

Willie testified that he was not being "deceptive or dishonest." He said he was following "at all times" the Texas Rules of Appellate Procedure, which provide that "you can only argue what's in the appellate record that the Court of Appeals has in its possession." Willie testified that he was required to challenge

27

sufficiency as a "zealous advocate" for his client because the appellate record did not contain the judicial confessions or waiver of rights exhibits at the time he filed his brief, and "there was nothing to sustain any conviction." Willie testified that, even though he "knew that certain things had occurred" and he was present during all proceedings, he nonetheless was "constrained" by the record as it existed in the court of appeals.

Willie testified that he never made a false statement of fact or law to the court of appeals because, when he argued issue two in his brief, the exhibits were not a part of the appellate record. He claimed that he did not intentionally deceive or "commit fraud on the Court of Appeals" because he "corrected the brief and withdrew" issue two "once the record was supplemented." Willie acknowledged that he is "making a legal argument" based on "[t]he appellate record that [he] directed to be created."

Contrary to Willie's contention, a reasonable jury could have disbelieved this testimony and concluded that Willie knowingly made a false statement of material fact to the Beaumont Court of Appeals, misrepresented facts, and asserted issue two in the absence of a reasonable belief that the basis for doing so was not frivolous. *See City of Keller*, 168 S.W.3d at 820 (jurors are the sole judges of the credibility of witnesses). The evidence shows that Willie knew that his factual representation to the court of appeals was false when he argued the State never introduced and the trial court never admitted into evidence Houston's judicial confessions and written waivers of rights into evidence. The evidence establishes that (1) Willie was present when Houston signed his judicial confessions and written waivers of rights; (2) Willie and Mark also signed the documents; (3) Houston pleaded guilty in Willie's presence in open court; (4) the State introduced Houston's judicial confessions and written waivers of rights as exhibits into

28

evidence; (5) Willie was again present and stated he had no objection to their admission; and (6) the trial court admitted the exhibits.

Willie admitted at trial that he was present and knew that the State's exhibits had been introduced and admitted at the plea hearing, but he claimed that his knowledge was irrelevant because Leger did not submit the exhibits to the court of appeals and the exhibits therefore were not part of the appellate record at the time he filed issue two. According to Willie, his assertion in issue two that the "State never introduced" and the trial court never admitted the exhibits was not a false statement of fact or a misrepresentation because the appellate record did not contain the exhibits. However, the jury reasonably could have concluded based on the evidence in this case that the exhibits were not a part of the appellate record at the time he filed his brief because he did not request the exhibits or the plea hearing transcript to be filed. The jury also could have concluded that Willie did not have a reasonable basis for filing issue two in his brief because it was based on the incomplete appellate record Willie requested. In any event, the absence of these exhibits from the appellate record does not negate Willie's knowledge of the truth; Willie knew that the State's exhibits were introduced and admitted, and his contrary assertion constitutes a false statement of material fact.

We reject Willie's contention that the jury's findings are not supported by sufficient evidence because he withdrew issue two and "did not make a false statement upon which the [Beaumont] Court of Appeals relied [i]n its adjudication of the [Houston] appeal."

Nothing in the jury charge as submitted — or in Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), or 8.04(a)(3) — requires proof that the court of appeals considered or relied upon a false statement by Willie in adjudicating the Houston appeal. Further, withdrawal of a false statement of material fact or a

29

misrepresentation does not extinguish the initial misconduct. *See Diaz v. Comm'n for Lawyer Discipline*, 953 S.W.2d 435, 438 (Tex. App.—Austin 1997, no pet.) (rejecting appellant's argument that the evidence was insufficient to establish that any of his false statements were made to a tribunal because appellee's suit, in which the false statements were made, was dismissed for want of prosecution before his statements came before a judge or jury; holding that "Rule 3.03(a)(1) encompasses false statements by a lawyer that *might* corrupt the course of litigation" even if they do not in fact do so); *see also Lipman v. Dickinson*, 174 F.3d 1363, 1368-70 (Fed. Cir. 1999) (court of appeals affirmed attorney's reprimand for violating his duty of candor because attorney filed an appeal petition with the Patent and Trademark Office on his client's behalf that referred to and relied on affidavits that had been withdrawn); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 263-64 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (court of appeals affirmed attorney's suspension for making knowing misrepresentations in pleadings); *Iowa Supreme Court Attorney Disciplinary Bd. V. Ackerman*, 786 N.W.2d 491, 496 (Iowa 2010) (supreme court affirmed attorney's suspension for violating ethics rules "when he misrepresented the status of the tax matters to the district court"); *cf. Schlafly v. Schlafly*, 33 S.W.3d 863, 873-74 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (court of appeals stated that misrepresenting facts violates the duty of candor in Rule 3.03(a)(1), which requires attorneys to not make a false statement of material fact or law to the tribunal, and "subjects offenders to sanctions;" concluded that attorney's "blatant misrepresentation" of the facts in his briefing was "inexcusable;" and ordered payment of "all costs" in the appeal).

Having reviewed the evidence and considered that the jury is the sole judge of the credibility of the witnesses, we conclude that the evidence is legally and

factually sufficient to support the jury's findings that Willie violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), or 8.04(a)(3). *See City of Keller*, 168 S.W.3d at 822; *Golden Eagle Archery*, 116 S.W.3d at 761.

We overrule Willie's fifth and sixth issues.

## VI.  *Batson* Challenge

Willie argues in his seventh issue that the trial court erred by overruling his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), and empanelling a jury that "did not represent a cross-section of the community and did not include a member of [his] race, African-American." Willie contends that the Commission used its peremptory challenge to strike venire member number six, who was African-American, claiming that she was "distracted when answering questions about her prior experience with her apartment complex" and "her statement and experience about being falsely accused." He further contends that the Commission did not strike non-African-American venire members number 12, 13, and 17 when they also "told about their personal experiences." According to Willie, this court must conclude that "race explains . . . better than any other reason" why the Commission struck venire member number six.

*Batson* declared that the use of racially motivated peremptory challenges to exclude potential jurors in criminal cases violates due process of law. *Id.*; *see also Brumfield v. Exxon Corp.*, 63 S.W.3d 912, 915 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The *Batson* rule extends to civil trials. *Goode v. Shoukfeh*, 943 S.W.2d 441, 444 (Tex. 1997) (citing *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 618 (1991)); *Brumfield*, 63 S.W.3d at 915.

Resolution of a *Batson* challenge is a three-step process: (1) the party challenging the use of a peremptory challenge to strike a potential juror must

establish a prima facie case of racial discrimination; (2) the party who exercised the strike must come forward with a race-neutral explanation; and (3) if the striking party does so, the party challenging the strike must prove purposeful racial discrimination. *Brumfield*, 63 S.W.3d at 915. (citing *Purkett v. Elem*, 514 U.S. 765, 767 (1995); *Hernandez v. New York*, 500 U.S. 352, 358–59 (1991); *Goode*, 943 S.W.2d at 445). We review a trial court's *Batson* ruling for abuse of discretion. *Davis v. Fisk Elec. Co.*, 268 S.W.3d 508, 515 (Tex. 2008).

The following exchange occurred at trial:

[WILLIE'S COUNSEL]: We would like to assert the Batson motion at this time.

THE COURT: Ms. Sauceda, do you agree with that?

[THE COMMISSION'S COUNSEL]: Yes.

THE COURT: I don't have any room.

[THE COMMISSION'S COUNSEL]: Would you like me to specify? You want me to start — I think that's the usual process.

[WILLIE'S COUNSEL]: Mrs. Johnson is the first one, I believe is Juror No. five. Batson motion as to Juror No. six.

THE COURT: Ms. Sauceda, will you state the reasons why you asked to strike Mrs. Jackson; is that correct?

[THE COMMISSION'S COUNSEL]: Mrs. Jackson, yes, we did. Because when she was being in dialogue asking questions back and forth, she seemed to be a bit distracted from our proceedings when she was answering questions about her experience regarding the apartment complex and —

THE COURT REPORTER: Please keep your voice up and speak in the mike because I am barely hearing what you are saying.

THE COURT: I will ask you to repeat that.

[THE COMMISSION'S COUNSEL]: It was her dialogue with counsel regarding her other prior experience and her statement she had been falsely accused and her experience with that.

THE COURT: All right. Anything further, Ms. Williams, regarding

—

[WILLIE'S COUNSEL]: Yes, Your Honor, it's our position Juror No. six, Ms. Johnson, answered exactly the question that was asked of her. She did not indicate any bias one way or the other for the Commission or against the Commission. We believe she's been struck on the basis of her race.

THE COURT: For the record, Ms. Johnson does list her race as black. Your motion is overruled as to Juror Johnson. As to — are there any other ones that you know of that you need to assert, Ms. Williams, at this time?

[WILLIE's CUNSEL]: I don't believe so, Your Honor.

The Commission contends that Willie "did not make a *prima facie* case" of racial discrimination because he failed to offer any evidence to suggest that the Commission used a peremptory challenge to strike venire member number six because she is African-American.

The Commission offered an explanation for striking venire member number six, and the trial court ruled on the ultimate question of discrimination. Once the party who exercised the strike has articulated reasons for the contested peremptory strike and the trial court has ruled on the ultimate question of intentional discrimination, the issue of whether the party raising a *Batson* challenge established a prima facie case of racial discrimination is moot and, therefore, not subject to appellate review. *See Malone v. State*, 919 S.W.2d 410, 412 (Tex. Crim. App. 1996) (citing *Hernandez*, 500 U.S. at 359).

Therefore, we next consider whether the Commission articulated a race-neutral explanation for using its peremptory challenge to strike venire member number six. *See Brumfield*, 63 S.W.3d at 915. We do not consider at this second step whether the explanation is persuasive or even plausible; at this juncture, the issue is the facial validity of the explanation. *Goode*, 943 S.W.2d at 445. "A neutral explanation means that the challenge was based on something other than

the juror's race." *Id*.

The Commission's explanation was race-neutral; the Commission stated that it used its peremptory challenge to strike venire member number six because she (1) was distracted when she was answering Willie's trial counsel's questions; and (2) stated that she previously had been accused falsely.

Finally, we consider whether Willie proved purposeful racial discrimination. *See Brumfield*, 63 S.W.3d at 915. Whether the race-neutral explanation should be believed is purely a question for the trial court. *Id*. at 916.

In response to the Commission's race-neutral explanation, Willie contended that venire member number six "answered exactly the question that was asked of her" and did not show any bias in favor or against the Commission. Willie did not dispute the Commission's assertion that venire member number six was distracted during questioning. Willie did not point to any other venire members that were equally distracted or had similar experiences as venire member number six but were not struck by the Commission.

Willie claims for the first time on appeal that the Commission did not strike non-African-American venire members 12, 13, and 17 who "told about their personal experiences." We note that the Commission did not need to exercise peremptory strikes as to venire members 12 and 17 because it agreed with Willie to strike these venire members for cause, and the trial court struck these two venire members for cause. Regarding venire member number 13, there is no evidence in the record that he was distracted or he had a similar experience as venire member number six and had been falsely accused.

Additionally, nothing in the record suggests that a pattern of strikes was used to challenge venire members on the basis of race. The Commission did not

exercise its peremptory strikes as to any other African-American venire members; three of the venire members struck by the Commission identified their race as "Caucasian." As the trial court noted, the other two "look[ed] to be of Caucasian descent just by viewing." No evidence in the record supports Willie's assertion that the impaneled jury lacked any African-American members; the record does not show the jury's racial composition.

Based on the record before us, we conclude that Willie did not prove purposeful discrimination by the Commission, and the trial court did not abuse its discretion in overruling Willie's *Batson* challenge.

We overrule Willie's seventh issue.

## VII.  Challenge for Cause

Willie argues in his eighth issue that the trial court erroneously overruled his challenge for cause of venire member thirteen, Mr. Jones, because Jones "believed that (1) attorneys do not follow the rules[;] (2) there are no good attorneys; (3) most experiences with attorneys are bad; and (4) he probably would not want himself as a prospective juror on a family member's case." Willie contends that Jones showed bias against him, and that the trial court struck for cause venire members twelve and seventeen who had the same views as Jones. According to Willie, he was "required to use one of his peremptory challenges to strike" Jones and had "no additional peremptory challenges to strike other objectionable" venire members.

When a challenge for cause is denied erroneously, that error can be corrected by the use of a peremptory strike. *Cortez v. HCCI–San Antonio, Inc.*, 159 S.W.3d 87, 90 (Tex. 2005). Thus, the error is harmful only if the peremptory challenge would have been used on another objectionable venire member. *Id.* Accordingly,

35

to preserve error when a challenge for cause is denied, a party must (1) use a peremptory challenge against the venire member involved; (2) exhaust his remaining challenges; and (3) notify the trial court that, after exercising his peremptory challenges, a specific objectionable venire member will remain on the jury list. *Id*. at 90-91 (citing *Hallett v. Houston Nw. Med. Ctr.*, 689 S.W.2d 888, 890 (Tex. 1985)). "This ensures that 'the court is made aware that objectionable jurors will be chosen' while there is still time 'to determine if the party was in fact forced to take objectionable jurors.'" *Id*. at 91 (quoting *Hallett*, 689 S.W.2d at 890)).

The record establishes that Willie challenged Jones for cause and obtained an adverse ruling. Willie exercised a peremptory challenge against Jones and also exhausted his remaining peremptory challenges. However, Willie failed to notify the trial court that a specific objectionable venire member would remain on the jury list. Therefore, Willie has failed to preserve any alleged error as to his eighth issue.

We overrule Willie's eighth issue.

## VIII. Charge Error

Willie argues in his ninth issue that the trial court erred by refusing to submit two tendered jury questions and instructions, "which relate to Scope and Objectives of Representation and Fairness in Adjudicatory Proceedings." Willie argues that both questions were "reasonably necessary for the jury to render a proper verdict" because (1) he "testified at trial that the statute and rules of appellate procedure in question were the ones he relied on when he prepared the opening and reply brief;" and (2) "Mark testified that the appellate rules allow for amendments, withdrawals, and supplementation." According to Willie, this "charge error related to a contested, critical issue" and warrants reversal.

A party is entitled to a jury question, instruction, or definition if the pleadings and evidence raise an issue. Tex. R. Civ. P. 278; *Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex. 2002). The goal of the jury charge is to submit to the jury the issues for decision logically, simply, clearly, fairly, correctly, and completely. *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 663-64 (Tex. 1999). Toward that end, the trial court enjoys broad discretion so long as the charge is legally correct. *See id*. A judgment will not be reversed for charge error unless the error was harmful because it probably caused the rendition of an improper verdict or probably prevented the party from properly presenting the case to the appellate courts. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009). Charge error is generally considered harmful if it relates to a contested, critical issue. *Id*.

Willie asked the trial court to submit the following two questions and instructions to the jury:

### QUESTION NO. 1

While representing Don C. Houston, Jr. on appeal, did Joseph R. Willie, II prepare the Brief of Appellant based upon the appellate record that was available to him at the time the brief was prepared?

> You are instructed that a lawyer may represent a client in connection with the making of a good faith effort to determine the validity, scope, meaning or application of the law.

Source: TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(c)

Answer: 'Yes' or 'No.'

### QUESTION NO. 2

Once the appellate record was supplemented by the court reporter, did Joseph R. Willie, II, in the Reply Brief of Appellant, promptly withdraw Issue No. 2 according to the Texas Rules of Appellate Procedure?

> You are instructed that the advocate's function is to present

evidence and argument so that the cause may be decided according to law.

Source: TEX. DISCIPLINARY R. PROF'L CONDUCT 3.04, cmt. 5

Answer: 'Yes' or 'No.'

Contrary to Willie's contention, his tendered questions were not "reasonably necessary for the jury to render a proper verdict." Based on the pleadings and the evidence in this case, the jury was required to determine whether Willie violated Texas Disciplinary Rules of Professional Conduct 3.01, 3.03(a)(1), and 8.04(a)(3) by knowingly making a false statement of material fact or law to the court; asserting or controverting an issue in the absence of a reasonable belief that the basis for doing so was not frivolous; and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Neither proposed question is material or helpful in resolving whether Willie violated the Texas Disciplinary Rules of Professional Conduct.

A "Yes" or "No" answer in response to a question asking whether Willie prepared his brief on behalf of Houston "based upon the appellate record that was available to him at the time the brief was prepared" would be immaterial to a determination as to whether Willie violated the Texas Disciplinary Rules of Professional Conduct by making a false statement or misrepresentation. On this record, Willie's knowledge of the true facts was not affected by what record was "available" to him; further, the record that was "available" to Willie was the record he requested from the court reporter. A "Yes" or "No" answer in response to a question whether Willie promptly withdrew issue two in his reply brief is immaterial because a subsequent withdrawal does not negate an initial false statement and misrepresentation that was made knowingly.

Additionally, Willie failed to present any argument explaining how the alleged charge error was harmful in this case and probably caused the rendition of

an improper verdict or probably prevented him from properly presenting his case to the appellate court.

We overrule Willie's ninth issue.

## IX.   Attorney's Fees and Costs

Willie argues in his tenth and eleventh issues that the trial court erred by (1) overruling his "objections regarding expert testimony on [the Commission]'s attorneys' fees;" and (2) "awarding [the Commission] attorneys' fees because there is factually and legally insufficient evidence to support a finding attributable to Attorney Sauceda" and "Attorney Halliburton."  Willie argues in his twelfth issue that the trial court erred by overruling his "objections regarding expert testimony of [the Commission]'s costs because there is factually and legally insufficient evidence to support an award of costs."

### 1.   Attorney's Fees

It is within the trial court's discretion to determine the punishment of a lawyer found guilty of professional misconduct.  *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 403 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The Rules of Disciplinary Procedure provide that a trial court may in its discretion hold a separate evidentiary hearing to determine the appropriate sanctions to be imposed; "[r]easonable [a]ttorney's [f]ees and all direct expenses associated with the proceedings" may be awarded as a sanction.  *See* Tex. Rules Disciplinary P. R. 1.06(Y), 3.10, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A-1 (Vernon 2013 & Supp. 2014); *Santos*, 140 S.W.3d at 403.

In his tenth and eleventh issue, Willie first contends that the trial court erroneously overruled his objection to an expert report and testimony by the Commission's attorney, Shannon Sauceda, relating to attorney's fees the

Commission incurred in this case. Willie contends that the Commission "failed to timely produce and/or supplement an expert report for" attorneys Sauceda and Halliburton as required by Texas Rules of Civil Procedure 193.5, 193.6, 195.2, and 195.3. According to Willie, Rule 195.2 required the Commission to designate its experts; Rule 195.3 required the Commission to "designate experts and furnish an expert report or make any experts available for deposition, if no expert report was filed;" Rule 193.5 requires the Commission to "supplement discovery, including an expert report;" and Rule 193.6 "provides that a party who fails to supplement may not introduce in evidence the material or information that was not timely disclosed." Willie contends the trial court "fail[ed] to correctly apply Rules 193.5 and 193.6" and should have "exclude[d] the expert report for" attorneys Sauceda and Halliburton and "any testimony or information outlined in the expert report."

At trial, Willie objected based on Texas Rule of Civil Procedure 194 to Sauceda's testimony regarding attorney's fees, stating: "We object to the submission of the evidence especially in [the] form of her report which was never produced to us. She did designate herself as an expert but as far as the segregation of fees which is required by the rules she has not submitted any — she did not supplement her discovery or her designation of expert to provide that information and we would object to it." Because Willie's complaint on appeal does not comport with his objection in the trial court, this part of Willie's tenth and eleventh issues has not been preserved for appeal. *See* Tex. R. App. P. 33.1(a); *Johnson v. Evans*, No. 14–08–00610–CV, 2010 WL 431293, at \*6 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, pet. denied) (mem. op.).

Even if Willie had preserved his appellate complaint, it is without merit. There was no expert report or testimony regarding an expert report admitted at trial; accordingly, the trial court could not have erred by "fail[ing] to exclude the

40

expert report for" attorneys Sauceda and Halliburton and by failing to exclude "any testimony or information outlined in the expert report."

Further, Sauceda testified that she had designated herself as an expert to testify regarding the Commission's incurred attorney's fees; Willie does not point to any evidence that Sauceda's expert designation was untimely. Contrary to Willie's assertion, nothing in Rule 195.3 "imposes a duty to designate experts and furnish an expert report;" thus, the Commission did not fail to timely produce an expert report under Rule 195.3. *See* Tex. R. Civ. P. 195.3. Willie correctly states that Rule 195.3 requires the Commission to make an expert available for deposition; however, Willie does not argue that the Commission did not comply with the Rule's requirement and failed to make its expert available to Willie.

Willie's contention that the Commission failed to timely supplement an expert report for attorneys Sauceda and Halliburton pursuant to Rule 193.5 is also without merit. Rule 193.5 provides that "[i]f a party learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response" reasonably promptly. Tex. R. Civ. P. 193.5. Willie did not serve any discovery request on the Commission, and thus there was no response that the Commission could have supplemented.

In his tenth and eleventh issues, Willie also argues that, while the Commission "applied for attorneys' fees under the lodestar method," it did not provide documentation that shows the nature of the work performed; who performed the services and their hourly rate; when the services were performed; the number of hours worked; billing records or time sheets as required by *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012).

Willie states that he "objected to [the Commission] not (1) producing expert

41

reports; (2) segregating fees; and (3) supplementing designation of expert to provide information." But Willie raised no complaint in the trial court that the Commission did not provide appropriate documentation under the lodestar method to support the requested attorney's fees. Because Willie failed to raise this argument in the trial court, his complaint presents nothing for our review. *See* Tex. R. App. P. 33.1 (As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion.).

Finally, Willie states, "A party seeking attorneys' fees has a duty to segregate non-recoverable fees from recoverable fees. Reversal is required if a party refuses, over objection, to offer evidence segregating attorneys' fees." Willie presents no argument regarding this statement; accordingly, this statement does not present anything for our review. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We overrule Willie's tenth and eleventh issues.

## 2.    Costs

In his twelfth issue, Willie states that the "trial court erred in overruling [his] objections regarding expert testimony of [the Commission]'s costs because there is factually and legally insufficient evidence to support an award of costs." However, Willie actually contends in this issue that the Commission "failed to timely produce and/or supplement its list of costs as required by Texas Rules of Civil Procedure 193.5 and 193.6."

Willie objected in the trial court to the admission of the Commission's list of costs pursuant to Rule 194 — not pursuant to Rules 193.5 and 193.6. Because

Willie's complaint on appeal does not comport with his objection in the trial court, this part of Willie's issue has not been preserved for appeal. *See* Tex. R. App. P. 33.1(a); *Johnson*, 2010 WL 431293, at *6. Even if properly preserved, Willie's contention is without merit. As we have discussed above, Willie did not serve any discovery request on the Commission, and thus there was no original response regarding a list of costs that the Commission could have supplemented pursuant to Rule 193.5. *See* Tex. R. Civ. P. 193.5. (providing that "[i]f a party learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response" reasonably promptly).

In this issue, Willie also argues that the trial court erred by awarding the Commission expenses for delivery services and postage as costs because such expenses constitute unrecoverable litigation expenses.

As we have stated, the Rules of Disciplinary Procedure provide that a trial court may in its discretion impose reasonable attorney's fees and "all direct expenses associated with the proceedings" as a sanction. *See* Tex. Rules Disciplinary P. R. 1.06(Y), 3.10; *Santos*, 140 S.W.3d at 403. The Rules of Disciplinary Procedure do not state that the trial court may only award "costs" as provided for in the Texas Rules of Civil Procedure or as provided by other rules and statutes.

Willie has not provided us with any explanation as to why expenses for delivery services and postage do not fall within the broad language of "all direct expenses associated with the proceeding."

We overrule Willie's twelfth issue.

## CONCLUSION

We affirm the trial court's judgment.


           /s/     William J. Boyce
                    Justice


Panel consists of Justices Boyce, Jamison, and Donovan.